Nov. Term, 1834.

PARKER
v.
BUSSELL.

---

## PARKER *v.* BUSSELL.

Whenever, in a suit commenced before a justice of the peace, it appears from the pleadings, or evidence, or agreement of the parties, that the title to real estate will come in question,—the suit must be dismissed for want of jurisdiction.

ERROR to the *Rush* Circuit Court.

STEVENS, J.—*Parker* brought an action of assumpsit against *Bussell* before a justice of the peace, on a written statement of his cause of action by him filed before the justice, in substance as follows:—1. That *Bussell*, for and in consideration of a horse, promised him, *Parker*, to execute and deliver to him a good and sufficient warranty deed for a certain half quarter section of land, which is described, and that he the said *Bussell* has wholly failed so to do; and further, that he the said *Bussell* had no

3b 411
133 159

*Tuesday,*
*November 25.*

Nov. Term,
1834.

PARKER
v.
BUSSELL.

interest in or title to said land whatever, and therefore could not convey. 2. That said *Bussell*, in consideration of another horse and the sum of 10 dollars, promised to convey to him said *Parker*, a certain other half quarter section of land, which he the said *Bussell* represented that he held by a good and sufficient tax title, but that if his title should not be good, one *John Leffler* was bound to make a good title, and would do so when called on for that purpose; when in truth and in fact said *Bussell* had no title whatever to said land, and the said *John Leffler* refused to make a deed, although he had been for that purpose called on. 3. A general count of *indebitatus* assumpsit for 100 dollars for a horse sold and delivered. 4. That said *Bussell*, in consideration of another horse, promised to deliver and assign to him the said *Parker*, a certain collector's certificate for a certain half quarter section of land, which certificate he the said *Bussell* represented to be *bona fide;* and that he the said *Bussell* did transfer to him the said *Parker*, by an assignment on the back thereof in these words and figures,—"I assign all my right and title to the within to *Asy Parker* without recourse on me,"—and did deliver to him the said *Parker*, so assigned, a certain tax collector's certificate in the words and figures following,—"The state of *Indiana*, to all who shall see these presents, greeting: know ye that *William S. Bussell* purchased at public auction, on the second Monday in *November*, 1826, eighty acres, to wit, the east half of the north-east quarter of section number 26, in township 13 north, of range 9 east, which was sold for the tax due thereon for the year 1823, of *Jehu Perkins*, collector of the state and county revenue of the county of *Rush*, for the year 1826, for which he is entitled to a deed if not redeemed in two years from the day of the sale. Witness, *Jehu Perkins*, collector." But that the said certificate so assigned and delivered is not *bona fide*, but was obtained fraudulently from said collector, and is wholly without foundation. It is then further averred, that said *Bussell* never purchased any of the land in either of the counts mentioned.

The defendant appeared in his own proper person before the justice of the peace, and pleaded in abatement "that the justice of the peace in this behalf ought not to have or take further jurisdiction of the action aforesaid, because he says that the consideration of the horse mentioned in the plaintiff's declaration, and for the price of which this suit was commenced, was a deed

to a certain tract of land, &c. which was sold by *Jehu Perkins*,
then collector of *Rush* county, to him the said *Bussell*, and by
him the said *Bussell* transferred by assignment to the said *Parker*
in consideration of the said horse; that the title to said land
will come in question; and that, therefore, the justice of the
peace is forbidden by the statute to try the same, and that the
Circuit Court of the county has sole and exclusive jurisdiction
thereof." He also pleaded several pleas in bar, but the justice
overruled them all and rendered judgment for the plaintiff.
The defendant appealed to the Circuit Court; and in that Court
it was agreed and entered upon the record as part of the record
of the case, that the facts stated in the defendant's plea of abate-
ment before the justice of the peace were all true, and if upon
that state of facts, taking them all to be true, the Circuit Court
should be of opinion that the title to the land came in question,
and that therefore the justice of the peace had no jurisdiction,
the Court should render judgment in favour of the defendant
for costs, &c. Upon which the Court decided, that the title to
land did come in question, and that therefore the justice of the
peace had no jurisdiction, dismissed the case, and rendered
judgment in favour of the defendant for costs.

To reverse that opinion of the Circuit Court the plaintiff has
prosecuted this writ of error.

There was something said in the argument of this case, about
the plaintiff's statement of his cause of action being defective.
In answer to that, it is sufficient to say that no formal pleadings
are required before a justice of the peace. If the statement of
the plaintiff's cause of action, or the defendant's defence, con-
tain the substance of the facts and matters relied on in such
form as to be fairly understood, it is sufficient. In this case that
is done.

The question to be decided by this Court is, whether the
Circuit Court erred in ousting the justice of the peace of his
jurisdiction of the case?

The 18th section of the act regulating the jurisdiction and
duties of justices of the peace, Rev. Code, 1831, p. 297, ex-
pressly declares, that justices of the peace shall have no juris-
diction "in any case where the title to lands or tenements shall
come in question." This language seems to be clear and con-
clusive, and appears to be broad enough to extend to every case
that can arise. The plaintiff in error, however, insists that it

Nov. Term, 1834.

PARKER
v.
BUSSELL.

can only be extended to cases in which the plaintiff, by his statement of his cause of action, brings the title of lands directly in question, as where he brings an action of *trespass quare clausum fregit*, or ejectment, &c. If this construction is correct, the prohibition can only be extended to actions of ejectment, disseisin, writs of right, and such real actions as go expressly for the land itself, and not to any action which sounds in damages; because actions which ask for a compensation in damages only, do not necessarily, as a legal consequence, put the title of land in question: that depends entirely on the defence made by the defendant. We will take, for instance, the action of *trespass quare clausum fregit* and injuries done to land. Such an action does not of itself bring the title of land in question, because the defendant may admit the title of the land to be in the plaintiff, but may deny the commission of the trespass. But if he plead *liberum tenementum*, then the title to the land must come in question, and there the justice of the peace must stop.

*Massachusetts, New-York, New-Jersey*, and perhaps all the states in the *Union*, have the same prohibition on the jurisdiction of justices of the peace; and their adjudications are good landmarks for us. The case of *Wood* v. *Prescott*, 2 Mass. 174, was an action of trespass for breaking and entering the plaintiff's close, and doing injury to the fencing, &c. commenced before a justice of the peace. The defendant pleaded in bar, that at the time when, &c. he was seized and possessed of a certain close next adjoining the plaintiff's, &c.; and that when, &c. he entered into his own close, &c. as was lawful for him to do, &c. The justice supposed the title of land would come in question, and refused to proceed any further; and the case finally reached the Supreme Court; and that Court said that the defendant had not put the title of land in question, but had pleaded a distinct fact, viz. that he did not enter the plaintiff's close, but that he entered a close of his own adjoining the place in question, &c. The case of *Bispham* v. *Inskeep*, 1 Coxe, 231, was an action of trespass done to land, commenced before a justice of the peace, and the defendant pleaded *liberum tenementum*. That plea the Court said put an end to the jurisdiction of the justice. The case of *Spear* v. *Bicknell*, 5 Mass. Rep. 125, was an action of trespass upon land, commenced before a justice of the peace. The defendant pleaded in bar that the place in question was a common highway, &c. The justice conceived

that this plea put the title of land in question, and refused to proceed any further. The case was finally taken to the Supreme Court, and that Court had some doubts, but finally said that although the defendant only pleaded an easement in the land, yet it was a real franchise, which greatly affected the plaintiff's interest in the close; and although in common parlance, a right of way is not usually called real estate, yet it must be so in such cases as that.

The counsel for the plaintiff in error insists that the plea of the defendant is insufficient; that it is not possible for the statute to be so construed, as to authorise defendants in all cases before justices of the peace, to oust the justice of his jurisdiction, by simply saying that the title of lands will come in question. As to the plea of the defendant in this case, if it stood alone without the agreement entered into, it would be wholly deficient. In no case can the defendant oust the justice of his jurisdiction by simply saying that the title of lands will come in question. A plea to the jurisdiction of the Court is either to the Court itself, to the person of either the plaintiff or the defendant, to the declaration, to the writ, or to the action itself in bar thereof, and cannot in any case be bottomed on the defence which the defendant may say that he intends to make. Whether the title to lands will come in question, is a point which the Court must determine from the issue which may be absolutely made between the parties, or from the facts which may be developed by the evidence, and not from the defendant's simply saying so. If the action is an action of disseisin, ejectment, writ of right, &c. the nature of the action is sufficient to show the Court that the title of land will come in question, but if the action only sounds in damages, it does not necessarily follow that the title to the place in question will be put in issue.

The construction and meaning of the statute are plain. Justices of the peace are wisely prohibited from investigating the titles to real estate; and in all suits instituted before them, their jurisdiction ceases the instant it is discovered that the title to "lands and tenements" must come in question. That fact may be disclosed by the statement of the cause of action, or it may be disclosed by the facts which the defendant, by his plea in bar to the action, may put in issue, or it may not be disclosed by the pleadings, but may afterwards be disclosed on the trial of the case by the evidence introduced; and as to the effect it

will have upon the case, it is immaterial at what stage of the proceedings it is developed, for at that instant the proceedings must be arrested and the plaintiff nonsuited. In all cases in inferior Courts, if the Court has jurisdiction of the subject-matter, the special fact which ousts the jurisdiction will be a ground of nonsuit, if disclosed at any time during the trial. *Trevor* v. *Wall*, 1 T. R. 151. The case of *Storms* v. *Snyder*, 10 Johns. Rep. 109, was an action for work and labour; but the justice after hearing the evidence, conceived that the title to land was brought in question, and nonsuited the plaintiff. In that case the Supreme Court, after examining the testimony, concluded that the justice was mistaken, that the title to land did not come in question. The case, however, shows that although the pleadings do not disclose the fact that the title to land must come in question, yet if it afterwards comes before the Court on the trial of the cause, by way of evidence, it puts an end to the power of the justice to proceed any further (1).

In the present controversy there can be no difficulty. The parties have settled the question themselves; they have expressly admitted by their voluntary agreement, that the title to land will come in question, and they have made that agreement a part of the record; which brings the case expressly within the letter and meaning of the statutory prohibition, and puts an end to the jurisdiction of the justice of the peace.

*Per Curiam.*—The judgment is affirmed with costs.

J. *Perry*, for the plaintiff.

O. H. *Smith*, for the defendant.

---

(1) Vide *Smith* v. *Harris*, the next case.