*O. H. Smith*, for the defendant.

(1) Vide <i>Smith</i> v. <i>Harris</i>, the next case.

---

SMITH <i>v.</i> HARRIS.

If an action of assumpsit for use and occupation be commenced before a justice of the peace, and the declaration show that the plaintiff claims as an assignee of the reversion, the plea of non-assumpsit, by putting the plaintiff's title in issue, deprives the justice of jurisdiction of the cause.

The declaration in such a suit so commenced, did not show whether the plaintiff claimed as the immediate landlord, or as an assignee. The defendant pleaded the general issue; and the evidence on the trial in the Circuit Court, on appeal, disclosed the plaintiff's claim to be as assignee. *Held*, that on such disclosure, the suit should be dismissed for the want of jurisdiction of the justice.

ERROR to the *Marion* Circuit Court. The only question submitted for the consideration of the Court in this case, was, Whether the title to real estate came in question? If it did, the parties admitted that, under the statute of 1831, the magistrate had no jurisdiction of the cause, and that the judgment below should be reversed.

Nov. Term, 1834.

SMITH
v.
HARRIS.

*Tuesday, November 25.*

BLACKFORD, J.—*Harris* brought an action of assumpsit against *Smith* and *Dean*, before a justice of the peace. The account filed as the cause of action is as follows:—"*John Smith* and *Philip Dean* to *Mark Harris*, Dr. To the use and occupation of twenty acres of land, part of the south-east quarter of sec. 22, township 14 north, of range 3 east, being part of the land leased heretofore by *Robert Hunt* to *Samuel Smith*, and lying in *Marion* county; which twenty acres were tended and improved and cultivated by said *Smith* and *Dean*,—$50.00. *November*, 1832."

The defendant, *Smith*, appeared and pleaded two pleas. First, the general issue. Secondly, "that the title of the land is in *Benjamin I. Blythe*, &c.; that the title must come in question on the trial, &c.; wherefore the defendant prays judgment, &c. The justice gave judgment against *Smith* for 32 dollars, with interest. *Smith* appealed to the Circuit Court, where judgment was rendered against him for 48 dollars.

The facts, as appears by a bill of exceptions, were as follows: The land was conveyed by *Robert Hunt* to *Harris*, by deed dated the 29th of *October*, 1832. *Smith* and *Dean* occupied the land in 1832, and cultivated twenty or thirty acres of it in corn. When *Smith* and *Dean* were gathering the corn in *November*, *Harris* demanded the rent of them. They refused to pay the rent to *Harris*, saying they had rented the land of *Blythe*, who was to keep them in possession until the ensuing *March*. The value of the rent was proved.

The question presented by this case is, Had the justice of the peace jurisdiction of the subject-matter before him?

This action of assumpsit for use and occupation lies, according to our statute, where the occupation has been "in any other manner than by express contract." Rev. Code, 1831, p. 424. It is an action, in all cases where it lies, founded on contract, and may be brought by the immediate landlord, or by the assignee of the reversion. If the action be brought by the immediate landlord, there may be a question whether his title

53

can be denied. If the assignee of the reversion sue, the doctrine is settled that he may be required to prove his title. The cause of action in the present case, filed by *Harris*, is very imperfect. It does not show whether he claims the rent as the immediate landlord, or as the assignee of the reversion. Had the statement of the cause of action shown distinctly that *Harris* claimed as assignee of the reversion, it would have been the duty of the justice to dismiss the cause, for want of jurisdiction, immediately upon the filing of the pleas. Whether it was his duty to do so, situated as this cause was, we shall not stop to inquire. The case can be decided without touching that question.

The record shows us the evidence which was given in the Circuit Court, and supplies the defects in the account filed, as to the merits of the demand. We will take the evidence as *Harris* himself understands it. He says in his brief, that "the record shows that *Smith* and *Dean* previously held under *Hunt*, and that, on his transfer to *Harris*, they (*Smith* and *Dean*) became liable to pay the rent to *Harris*." This statement of the evidence shows, that *Harris* claimed the rent as assignee of the reversion. The consequence is, that the defendants below had an undoubted right to deny his title. They had not leased the land of *Harris*, nor entered into possession under him, nor occupied by his permission, nor paid rent to him, nor in any other way recognized his title. They were under a contract, express or implied, to pay the rent to *Hunt*, their immediate landlord; and when *Harris*, a stranger, sues them for the rent, they must be permitted to put him upon the proof of his title. They must have the right, at least, to deny his assignment from *Hunt*, and to have its validity decided by the proper tribunal. This point is expressly determined by the cases of *Sands* v. *Ledger*, 2 Ld. Raym. 792, and *Phillips* v. *Pearce*, 5 Barn. & Cress. 433. These authorities also show, that the general issue is the only plea necessary, in such cases, to oblige the plaintiff to prove his title.

We find that, on the trial in the Circuit Court, *Harris*, for the purpose of proving his title, produced a deed from *Hunt* for the land. The deed is dated on the 29th of *October*, 1832, and the rent demanded was for the occupation of the premises during that year. *Harris* could have no ground for recovering the rent, unless he could establish the validity of his conveyance; and his title to the land was directly in question. The justice had not,

therefore, under the statute, any jurisdiction of the subject-matter; and the proceedings in the cause before him, and in the Circuit Court, were *coram non judice,* and altogether void. Gould on Pl. 237 (1).

The counsel for *Harris* refers us to the case of *Quimby* v. *Hart,* 15 Johns. Rep. 304, to show that the special plea denying the title, could not be filed with the general issue. In that case, the defendant filed the general issue, demanded a jury, and obtained an adjournment. After the adjournment, the plea of title was offered but was rejected as coming too late. The circumstances, under which the plea in that case was rejected, were very different from those in the case before us. Here, the special plea and the general issue were filed at the same time. Independently, however, of this consideration, the case has no application to the present one. In *New-York,* where the case referred to was decided, the statute requires a special plea of title to be filed, in order to dispute the jurisdiction of the justice. Rev. Laws of N. Y. of 1813, p. 390. But our statute requires no special plea in the case. It merely says, that the justice shall have no jurisdiction in any case, where the title to lands or tenements shall come in question. There is no provision as to the manner of pleading, and the rules of the common law must therefore govern. By that law, as we have already observed, *Harris* was obliged, by the general issue which was pleaded in this case, to prove his title to the land; and the special plea was entirely superfluous.

The judgment of the Circuit Court for the plaintiff below must be reversed.

*Per Curiam.*—The judgment is reversed with costs.

*C. Fletcher,* for the plaintiff.

*H. Brown,* for the defendant.

(1) Vide *Parker* v. *Bussell,* ante p. 411.