Nov. Term,
1844.

ROGERS
v.
PERDUE.

*Per Curiam.*—The judgment is affirmed with costs.

*F. M. Finch*, for the plaintiffs.

*W. Quarles* and *J. H. Bradley*, for the defendants.

---

## ROGERS *v.* PERDUE.

To a suit on a promissory note commenced before a justice of the peace, a plea that the note was given in consideration that the payee would convey certain land to the defendant, that the payee had no title to the land, and that he had failed to make the deed, does not oust the justice of jurisdiction.

ERROR to the *Clark* Circuit Court.

DEWEY, J.—This was an action commenced before a justice of the peace, by the assignee against the maker of a promissory note. The note, executed by the defendant, and bearing on its back the assignment of the payee to the plaintiff, reads as follows: "Two months after date, I promise to pay *Zachariah Johnson* twenty dollars, it being in full for three hundred and fifty bushels of corn. *March* 21, 1842." Among other pleas filed before the justice, the defendant pleaded, that the note was given "in consideration that the plaintiff's assignor should and would, on or before the 1st day of *June*, 1842, make and execute to the defendant a good and sufficient deed in fee-simple," for a certain lot of land. The plea then averred want of title in the assignor, and his failure to make the deed. The justice heard the cause, and rendered judgment in favour of the plaintiff. The defendant appealed, and moved the Circuit Court to dismiss the action, for want of jurisdiction in the justice. The motion was overruled; and the Circuit Court, after hearing the evidence, gave judgment for the plaintiff.

It is contended by the plaintiff in error, that the plea above stated, put in issue, before the justice, title to real estate, and, therefore, destroyed his jurisdiction.

This objection is founded on the statute, which provides that whenever, in the progress of any cause before a justice of the peace, title to real estate shall be put in issue by the pleading, or shall appear by the proof to be necessarily involved, he shall proceed no further with the trial, but shall certify the cause to the Circuit Court. Laws of 1839, p. 36. We do not think the plea did, of itself, put the title to land in issue. There was no replication; nor was any required by the practice before justices of the peace. The plea admitted of two answers, first, a denial that the consideration of the note was such as the plea alleged; and, secondly, that the assignor had title to the lot named in the plea, and executed a deed according to his undertaking. The second issue would have taken away the jurisdiction of the justice; but the first would not: it would not have involved the title to real estate. We think, therefore, that the justice of the peace and the Circuit Court were correct in retaining juris-

Nov. Term, 1844.

ROGERS
v.
PERDUE.

*Friday,*
*December* 6.

Nov. Term, 1844.

diction, unless it appeared from the evidence that the title to land was brought in question. As the record is silent on that subject, we must presume there was no such evidence; and this presumption is strengthened by a reference to the face of the note, which expresses the consideration of the defendant's promise to have been corn, and not land, purchased by him of the assignor. Indeed, there is no little reason to believe that the plea was a sham.

*H. P. Thornton*, for the plaintiff.

*J. G. Marshall*, for the defendant.