Nov. Term,
1855.

WOLCOTT
v.
WIGTON.

---

### WOLCOTT *v.* WIGTON and Others.

Where the title to real estate is the sole or principal thing sought to be determined, as in the former action of ejectment, there the title to real estate is in issue, within the meaning of section 11 of the act to establish Courts of Common Pleas, and those Courts have no jurisdiction; but where it is not the chief purpose of the action to determine the title, but the question only arises incidentally, as in partition, the jurisdiction exists.

The word "issue," as used in law, is technical. It is the point in dispute between the parties, on which they put their cause to trial.

It is the duty of Courts to give a liberal construction to statutes, and a strict construction to constitutional provisions.

Tuesday,
November 27.

APPEAL from the *La Grange* Court of Common Pleas. STUART, J.—*Wigton* and others filed their petition for the partition of certain lands, making *George Wolcott* de-

fendant. It is alleged that Mrs. *Wigton*, the mother of
the petitioners, died seized in fee of the lands therein
described; that they, as her heirs at law, (except *John*
*Wigton*,) were, at the time of filing the petition, seized,
&c.; that at a sale on execution against *John Wigton*, the
defendant, *Wolcott*, purchased the whole of the land des-
cribed, but the petitioners aver and insist that *Wolcott*
thereby acquired only the title of *John Wigton*, viz., one-
seventh part inherited by him as heir aforesaid; that of
the remainder thereof, viz., six-sevenths, the petitioners are
seized in fee as tenants in common.

The petitioners disclaim any other source of title; and
state that prior to the sale on execution, *John Wigton* pro-
cured from the person who had a tax-title for a part, &c.,
a quitclaim deed; that these are *Wolcott's* sources of title.

The petitioners charge that the sale for taxes, tax deed,
&c., are irregular and void, and conveyed no title, and that
*Wolcott* is only entitled to one-seventh part of the land
described.

*Wolcott's* answer denies the allegations in the petition,
so far as relates to the title of the petitioners, and avers
that prior to the sale on execution, *John Wigton* was seized
of the whole; that the title derived by tax sale was of all
the land; and that *Wolcott's* purchase on execution em-
braced it all, and not one-seventh as alleged.

Trial by the Court, and judgment of partition in accord-
ance with the prayer of the petitioners. *Wolcott* appeals.

There is no evidence in the record, and no bill of excep-
tions to any ruling of the Court. The appeal immediately
follows the judgment, without the intervention of any mo-
tion on the part of the defendant.

Two errors are assigned—

1. That the Court erred in entertaining jurisdiction.

2. That the Court erred in decreeing a partition.

In the state of the pleadings and record, the second
error can not be noticed. It presents nothing for adjudi-
cation.

The only question in the case is the jurisdiction. The
question arises on the construction of the provisions of

the Circuit Court and Common Pleas acts.   The 5th section of chapter 8, among other things, confers upon the Circuit and Common Pleas Courts concurrent jurisdiction in the partition of real estate.   2 R. S., p. 17.   The 8th section, defining and limiting the jurisdiction of the Common Pleas, excepts from the powers conferred to try civil causes, slander, libel, &c., and where the title to real estate shall be in issue.   2 R. S., p. 18.   The 5th section of chapter 4 confers upon the Circuit Court exclusive jurisdiction where the title to real estate shall be in issue.   2 R. S., p. 6.

There is great force in the suggestion of counsel for *Wigton*, that the settling of the title is only incidental to the final decree.   The position is this: that in cases where the title to real estate was the sole or principal thing sought to be determined, as in the old action of ejectment, there the title to real estate would be in issue, within the meaning of the statute; but that where it was not the chief purpose of the action, and the question of title arose only incidentally, as in partition, the jurisdiction would not be ousted.

The intention to confer jurisdiction in cases of partition, is as clearly expressed as language can well make it.   In the petition, it is required that the rights and titles of the parties interested shall be set forth.   2 R. S. 329.   Taking these two provisions together, it is very clear that the mere averment of title in the petition, and consequently the denial of it in the answer, can not be taken to divest the jurisdiction.   For as every petition must aver the titles of the parties interested, if known, then it would follow, that in every such petition the title would appear to be in controversy; and upon a strict construction, such as was heretofore adopted by this Court in relation to the jurisdiction of a justice when the title to real estate was involved, every petition for partition would *per se* oust the jurisdiction of the Common Pleas.

Thus in *Parker* v. *Bussell*, 3 Blackf. 411, a similar restrictive clause in the revised code of 1831, received construction.   And it was held that whenever, in a suit before

a justice, it appears from the pleadings, evidence, or agreement of the parties, that the title to real estate will come in question, the jurisdiction is ousted. So when that question was not disclosed till it appeared in the evidence on the trial in the Circuit Court upon appeal, it was held that the suit should be dismissed for want of jurisdiction in the justice. *Smith* v. *Harris*, 3 Blackf. 416. But in *Maxam* v. *Wood*, which was trespass for taking timber from *Wood's* land, and the general issue filed, it was held that this state of pleading did not put *Wood's* title in issue. 4 Blackf. 297. In *Rogers* v. *Perdue*, 7 Blackf. 302, the facts are very similar to those in *Parker* v. *Bussell, supra.* Thus, to a suit on a promissory note commenced before a justice of the peace, it was pleaded that the note was given in consideration of the conveyance of certain land; that the payee had no title to the land, &c. *Held*, that these pleadings did not oust the jurisdiction. Both these decisions evince considerable relaxation of the rule as laid down in the cases first cited. It is to be remarked, also, that neither of the former adjudications is alluded to by judge *Dewey*, in delivering the opinion of the Court in *Rogers* v. *Perdue.*

There is also some difference of phraseology in the statutes upon which these decisions were made, and that which we are now considering. The restriction in the statute of 1831, under which *Parker* v. *Bussell, Smith* v. *Harris*, and *Maxam* v. *Wood* were decided, was in these words: "nor in any case where the title to lands or tenements shall come in question." R. S. 1831, p. 297. *Rogers* v. *Perdue* was a construction of the act of 1839, p. 36, which provides that whenever, in the progress of a cause before a justice, the title to real estate shall be put in issue by the pleadings, or appear by the proofs to be necessarily involved, he shall certify the cause to the Circuit Court. In the revision of 1843, the phraseology is, that no justice shall have cognizance of any action wherein the title to lands and tenements shall come in question. R. S. 1843, p. 863. And the manner in which it may come in question is particularly pointed out. *Id.* 872. In each of these enact-

ments, the language of the restrictive clause is different, it will seen, from that used in the Common Pleas act. The terms of the latter restriction are, "when the title to real estate shall be in issue." 2 R. S., p. 6.—*Id.*, p. 18. The word "issue," as used in law, is technical. It is the point in dispute between the parties, on which they put their cause to trial. Or applying it to the act before us, when the title to real estate shall be the issue. Thus if an action was brought in the Common Pleas to recover a tract of land, then the "title to real estate would be the issue," within the meaning of the act, and that Court would have no jurisdiction.

In the justice's Court, the jurisdiction was ousted, if the question was made directly or indirectly, by the pleadings or the evidence; for the plain reason that it was not intended to give that Court any jurisdiction whatever of that subject matter. Here it is otherwise. Jurisdiction of the subject matter, to a limited extent, is expressly conferred, viz., in relation to partition. The question of title, whenever it arises incidentally in the proceedings in partition, is necessarily included. There it is not the main object of the suit to settle the title; but the settlement of the title becomes necessary in order to be able to effect the partition. The jurisdiction in partition draws with it the power to determine any collateral question which may arise in the progress of the trial.

Any other construction would totally defeat the concurrent jurisdiction expressly conferred by statute on both Courts.

A liberal construction of statutes and a strict construction of constitutional provisions, are a safe and reasonable judicial policy. It is but too notorious that statutes hastily drawn, by persons unskilled in legal phraseology, are seemingly conflicting; while it is very clear that no such repugnance, real or seeming, was contemplated by the law-making power. Hence, a liberal construction of such enactments becomes the duty of the Courts. And the revisers, in view of such a state of things, wisely provided for such a rule of construction. 2 R. S. 223.—*Id.* 339. But

constitutions, which are a delegation of power, require a strict construction. In such instruments, the people will be presumed to have expressed themselves in careful and measured terms, corresponding with the immense importance of the powers delegated—leaving as little as possible to implication. *Gibbon* v. *Ogden*, 9 Wheat. 188.—*The People* v. *Purdy*, 2 Hill 31, and same, 4 Hill 384.—*Newell* v. *The People*, 3 Seld. 9.—*Greencastle Township, &c.*, v. *Black*, 5 Ind. 566.

PERKINS, J., dissented.

*Per Curiam.*—The decree is affirmed with costs.

*J. M. Flagg*, for the appellant.

*J. B. Howe*, for the appellees.