May Term,
1859.

HARVEY *v.* DAKIN.

HARVEY
v.
DAKIN.

12  481
148  98

To a suit on a promissory note commenced in the Court of Common Pleas, an answer that the note was given for a tract of land to which the plaintiff fraudulently represented he had the fee simple title, when in fact the fee simple title was in a third person, does not oust the Court of jurisdiction.

APPEAL from the *Hendricks* Court of Common Pleas. *Wednesday, June 15.*

PERKINS, J.—Suit upon a note.

Answer that the note was given for a certain tract of land; that the plaintiff fraudulently represented that he had the fee simple title to the land, while, in fact, the fee simple title was in one *Hiesler*. Reply in denial. Trial. Judgment for the plaintiff. ·

A new trial was moved for upon this single ground, that the Court had not jurisdiction, because the title to real estate was in issue.

The Court overruled the motion; and the question whether the title to real estate was put in issue by the pleadings is the only one before us. · The evidence is not in the record.

It is necessary, therefore, to ascertain what was the real issue in the case. The defendant alleged two matters in his answer by way of defense—

1. That the note was executed for a certain piece of land, and that the plaintiff had not the fee simple title.

The answer does not say whether the conveyance for the land had or had not been executed, nor whether there had or had not been possession taken. Nor does it inform us whether the deed was to be one with covenants of warranty or not.

If the deed had been made, and was without covenants of warranty, and there was no fraud, the defendant does not show a failure of consideration for the note. He may have got all he contracted for. If the deed had not been made, and was to be a deed with covenants of warranty, still, it does not show that the time had arrived when the deed was to be made, nor that the party might not procure

the title, and be able to execute a good deed, by the time the contract required it to be done.

Independently of the fraud charged, therefore, the answer contains no defense. *Sweeney* v. *Sampson*, 5 Ind. R. 465.—*Hardesty* v. *Smith*, 3 *id.* 39.

2. The only matter in issue, then, was the fraud. The title to real estate was not necessarily involved. It could be, only incidentally, to disprove fraud; but if the representations of title were not first proved, the question upon the title could not arise at all.

But waiving the points discussed, the case can be rested upon the authority of *Rogers* v. *Perdue*, 7 Blackf. 302, and upon that case we put the decision. It may have turned out on the trial that the note was not given for land.

The whole question has become measurably unimportant, as by the acts of 1859, it is provided that in this and certain other classes of cases, the cause shall, where pleadings putting in issue the title of real estate are sworn to, be certified to the Circuit Court, and not be remanded, even if wrongly transferred. Acts of 1859, p. 93.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*D. M'Donald* and *A. G. Porter*, for the appellant.

*H. C. Newcomb* and *J. S. Tarkington*, for the appellee.