MACY v. ALLEE.

Where the recovery of land, or the settling of the title to real estate, is not the chief purpose of the action, such title can not be deemed in issue by the complaint alone, in such manner as to divest the jurisdiction of the Court of Common Pleas, when the defendant makes default.

APPEAL from the *Henry* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, brought this action, in the Circuit Court, against the appellant, who was the defendant, to recover lot No. 1 in Block No. 6, in the town of *Greensboro*, *Henry* county. The Court tried the issues, and found for the plaintiff. New trial refused, and judgment, &c. The plaintiff claimed title to the lot in controversy under a sale, on execution from the *Henry* Common Pleas, and a sheriff's deed made pursuant to that sale. And in support of his claim, offered in evidence the record of a proceeding in said Common Pleas, whereby it appeared that the judgment on which said execution issued was rendered in an action, in that Court, wherein one *Daniel W. Saint* was plaintiff, and *George D. Englerth* and *Francis B. Macy* were defendants. By the complaint in said action, it appears, that on the 24th of *July*, 1856, the plaintiff, *Saint*, recovered a judgment before a justice of the peace against the defendant, *Englerth*, for 42 dollars and costs, &c.; that an execution had been issued thereon by the justice, and returned *nulla bona*, and that *Englerth* had no property, real or personal, subject to execution—but was the equitable owner of lot No. 1, as above described, which he holds by title bond from the defendant, *Francis B. Macy*; that *Englerth* had fully paid to *Macy* the purchase-money for the lot, and that they, *Englerth* and *Macy*, were holding the legal title to the same for the purpose of hindering and preventing the plaintiff, *Saint*, from collecting his judgment against *Englerth*. And for relief, the

complaint prayed that the lot in question be subjected to the payment of the judgment, &c. The record offered in evidence further showed, that the defendants, *Englerth* and *Macy*, were defaulted; that judgment by default was regularly entered against them; and that the Common Pleas, on final hearing, rendered a decree, directing the sale of the lot on execution, and ordering the proceeds of such sale to be applied in accordance with the prayer of the complaint.

The defendant, in the present suit, objected to the admission of this evidence on the alleged ground, that, in the action in which the decree was rendered, the title to real estate was in issue, and that, in consequence, the *Henry* Common Pleas had no jurisdiction of the cause; but the Court overruled the objection, and the record so offered was accordingly admitted.

The action of the Court, in thus admitting the evidence, raises the only question in the case. Section 2, of "an act to establish Common Pleas Courts," &c., says: "In all civil cases, except slander, libel, breach of marriage contract, and *when the title to real estate shall be in issue*, the Court of Common Pleas shall have concurrent jurisdiction with the Circuit Court," &c. 2 R. S. p. 18. As we have seen, the defendants, in the case before the *Henry* Common Pleas, were defaulted. There was, in that case, no answer to the complaint, and consequently no issue between the parties. Hence, the inquiry arises, whether the complaint itself puts in issue the title to the lot?

There are, no doubt, cases in which the statement of the cause of action brings the title to real estate directly in question; but this occurs only in actions such as the old action of ejectment, which go expressly for the land itself, and where the title is the sole or principal thing sought to be determined. Where, however, the recovery of the land, or the settling of the title to real estate is not the chief purpose of the action, such title can not be deemed in issue by the complaint; but

may be put in issue by the defence. *Parker* v. *Russell,* 3 Blackf. 411; *Smith* v. *Harris, id.* 416; *Maxam* v. *Wood,* 4 *id.* 297; *Rogers* v. *Perdue,* 7 *id.* 302; *Walcot* v. *Whigton,* 7 Ind. 44; *Dixon* v. *Hill,* 8 *id.* 147; *Magoun* v. *Topham,* 19 Pick. 419; *Wesson* v. *Joslyn, id.* 422; 7 Harrison's Dig. 750. If this exposition be correct, and we think it is, the jurisdiction of the Common Pleas must be upheld; because it is evident, from the face of the complaint, that the purpose of the action, in that Court, was not to recover or settle any question of title to the lot, but simply to subject *Englerth's* equitable interest in the property to the payment of *Saint's* judgment. And the result is, there being no defence to the action, the title to real estate was not in issue, within the meaning of the statute. The evidence, in our opinion, was properly admitted.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. Grose,* for appellant.

*Mellitt & Martindale,* for appellees.