## HUGHES *v.* HUGHES.

WILL.—*Subsequent Issue.—Revocation.*—The birth of a child of a testator, after the execution of the will, works an entire revocation of the will, unless provision shall have been made in such will for such issue.

APPEAL from the Jasper Common Pleas.

BUSKIRK, J.—This was a petition filed by the appellee against the appellant to revoke the probate and set aside the will of Levi Hughes, deceased. The petition alleges that the defendant was the widow, and the plaintiff, and three

sisters, and three brothers were the only children and heirs of Levi Hughes, who died at Remington, in said county, November 6th, 1870, testate, the owner of real estate therein; that by the will of the said decedent, the testator devised all the rest and residue of his estate, real and personal, after the payment of debts and charges, to his widow, to be to her and her heirs forever; that after the execution of the will there was issue of the marriage four children, and before its execution there had been issue three children, all of whom were living; that the youngest child was about six years old at the death of the testator; that there are no debts against the estate of the said decedent; that the will was revoked for the reason that no provision was made by the will for the children born after its date; and that this was an amicable suit to obtain the determination of a question of law arising upon the will. A copy of the will was filed with the complaint. The will was executed June 5th, 1855, and admitted to probate the 15th day of February, 1871.

The appellant appeared to the action, and filed a demurrer to the petition, upon the ground that the same did not state facts sufficient to constitute a cause of action.

The court overruled the demurrer, and the appellant excepted, and declining to answer over, the court adjudged the will invalid, for the reason that children had been born subsequent to its execution, for whom no provision was made in the will, and revoked the probate of the will.

The only question presented for our decision is, whether the court erred in overruling the demurrer to the petition.

The third section of the statute of wills reads as follows:

"Sec. 3. If after the making of a will, the testator shall have born to him legitimate issue who shall survive him, or shall have posthumous issue, then such will shall be deemed revoked, unless provision shall have been made in such will for such issue." 2 G. & H. 552.

The above section of the statute is so plain and unequivocal as to leave little room for doubt or construction. The

Hughes *v*. Hughes.

object of the statute was to render certain and definite what had become uncertain and doubtful by reason of the conflicting decisions of the courts in England and this country. The ecclesiastical courts very early adopted the rule, that marriage and the birth of a child revoked a will as to personalty, and the same principle was ultimately, but not without a struggle, applied to devises of real estate. Finally, it was held that it was not necessary that a subsequent marriage and birth of a child should both concur, but that the birth of a child alone, in connection with other circumstances, might be sufficient to raise an implied revocation. In some of the cases it was held that the subsequent birth of a child only revoked the will as to such child, while in others it was held that it was not necessary that the provision for the subsequent issue should be made in the will, but that it might be made otherwise. The most, if not all, of the American states have adopted statutes on the subject, but these statutes are as different and conflicting as had been the decisions of the courts. The precise question involved in this case has been decided in Ohio and Illinois, where it was held, under statutes similar to ours, that the birth of a child subsequent to the execution of a will worked an entire revocation of the will. *Evans* v. *Anderson*, 15 Ohio St. 324; *Tyler* v. *Tyler*, 19 Ill. 151.

The whole question is now regulated by statute in England.

Under our statute, the birth of a child, after the execution of a will, works an entire revocation of the will, unless provision shall have been made in such will for such issue. Such is the plain, express, and undoubted requirement of the statute, and it is our imperative duty to carry into execution the legislative intention.

We are of the opinion that the court committed no error in overruling the demurrer.

The judgment is affirmed, with costs.

*D. H. Maxwell*, for appellant.

*B. E. Rhoads*, for appellee.