Snell *et ux. v.* Mohan.

## SNELL ET UX. *v.* MOHAN.

JUSTICE OF THE PEACE.—*Law and Equity.*—Justices of the peace, where they have jurisdiction of the subject-matter of an action, except where there is a special provision of law to the contrary, may apply thereto equitable as well as legal principles, in the same manner and to the same extent as judges apply them in higher courts.

SAME.—*Jurisdiction in Foreclosure.*—A justice of the peace has not jurisdiction to foreclose a mortgage of personalty.

APPEAL from the Madison Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellants, brought before a justice of the peace, and taken, by appeal, to the circuit court, where it was tried, resulting in a judgment for the plaintiff below. The complaint was as follows:

".James Mohan, plaintiff, complains of William H. Snell and Eliza Jane Snell, defendants, and says that said defendants, on the 23d day of April, 1869, executed a mortgage, conveying to the plaintiff the personal property therein described as security for the payment of a debt evidenced by a note, a copy of each of which is filed herewith, amounting to seventy-three dollars and fifty cents, with interest thereon at the rate of ten per cent. from said 23d day of April, 1869, and attorney's fees, amounting to ten dollars, which remains unpaid; wherefore he asks judgment for the foreclosure of the mortgage, and sale of the property, or so much thereof as may be necessary to pay his debt, and for other proper relief."

The mortgage set out shows that Snell and his wife mortgaged to the plaintiff, to secure the payment of the note described, one sewing machine, one threshing machine, one horse power, and one dressing bureau, with looking-glass attached. The mortgagors stipulated in the mortgage to pay the debt without relief from appraisement laws. The note was executed by Snell only, without his wife.

It is quite obvious, from the frame of the complaint, that the sole object of the suit was to obtain a judicial fore-

closure of the mortgage, and not a personal judgment against the defendants, or either of them, on the note, or on the covenant contained in the mortgage, except, perhaps, for any deficit after exhausting the mortgaged property. No judgment is prayed, except for the foreclosure of the mortgage and other proper relief. No statement is made of the sum due or demanded. In short, there is no statement in the complaint that entitled the plaintiff to any other relief than the foreclosure, except, perhaps, a judgment for the deficiency after applying the proceeds of the sale of the goods. This is also the plaintiff's probable construction of the pleading, as it is subsequently shown in the cause that he had already obtained a judgment on the note.

The complaint was demurred to, both before the justice and in the circuit court, because the justice had not jurisdiction over the subject-matter of the action, but the demurrer was overruled, and the defendants excepted.

The question is fairly raised whether a justice of the peace has jurisdiction of a suit to foreclose a chattel mortgage for a sum within his general jurisdiction.

The mortgagee of chattels may, without doubt, file a bill in chancery to foreclose the mortgage, and have the property sold under an order of the court. *Woodward* v. *Wilcox*, 27 Ind. 207. But he is not obliged to resort to a judicial foreclosure at all. "There is, however, a difference between mortgages of land and mortgages of personal property, in regard to the rights of the mortgagee, after a breach of the condition. In the latter case, there is no necessity to bring a bill of foreclosure: but the mortgagee, upon due notice, may sell the personal property mortgaged, as he could under the civil law; and the title, if the sale be *bona fide* made, will vest absolutely in the vendee." 2 Story Eq. Jur., sec. 1031. Chancellor KENT says (4 Com. 139), "the creditor, on a pledge or mortgage of chattels, may sell at auction, on giving reasonable opportunity to the debtor to redeem, and apprising him of the time and place of sale; and this is the more convenient and usual practice."

A bill to foreclose a mortgage, whether of chattels or realty, was a chancery proceeding. But by our code, "the distinction between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished, and there shall be in this State, hereafter, but one form of action for the enforcement or protection of private rights, and the redress of private wrongs, which shall be denominated a civil action." Under this and other provisions of the code, a party is entitled, in an action, to whatever relief the principles of law or equity would entitle him; and so, also, he is entitled to make a legal or equitable defence. No good reason is perceived why these provisions should not be held applicable to actions before justices of the peace, where they have jurisdiction of the subject-matter of the action. Justices of the peace constitute a useful and almost indispensable class of judicial officers, in whose courts justice, in the small and every-day affairs of life, can be administered without great delay or expense, and be brought home to almost every man's threshold. To hold that justices can only apply and administer, in actions before them, the rules of law, as contradistinguished from the principles of equity, would greatly detract from the usefulness of those officers, as well as produce a want of harmony in our judicial system. We think, for these and other reasons that might be assigned, that justices, where they have jurisdiction of the subject-matter of an action, unless there is some special provision of law to the contrary, may apply thereto equitable as well as legal principles, in the same manner, and to the same extent, as courts of record. It was the evident design of the code to abolish, in practice, all distinction between law and equity, and to invest every court having jurisdiction of a civil action with a power to hear and determine the same in accordance with equitable as well as legal principles.

But this view is by no means decisive of the jurisdiction of a justice in an action to foreclose a chattel mortgage. Justices can only exercise such powers and perform such

Snell *et ux. v.* Mohan.

duties as may be prescribed by law.    Const., art. 7, sec. 14. Unless jurisdiction has been conferred upon justices in such action, they have none.   The following is the statute conferring jurisdiction upon justices of the peace:

"Justices of the peace shall have jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed one hundred dollars, and concurrent jurisdiction to the amount of two hundred dollars, but the defendant may confess judgment for any sum not exceeding three hundred dollars.   No justice shall have jurisdiction in any action of slander, for malicious prosecution or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party."   2 G. & H. 579, sec. 10.

This section does not seem to confer jurisdiction in an action like the present.   The language, "where the debt or damage claimed or the value of the property sought to be recovered does not exceed one hundred dollars," implies an action to recover a personal judgment for the debt or damages claimed, or for the recovery of property.   The language employed should not be construed as sufficiently broad to embrace actions to enforce or foreclose liens upon personal property.   In construing a statute, regard must be had to consistency and the results of the construction adopted.   If the statute were to be construed as embracing actions to enforce or foreclose liens on personal property, it is impossible to say that it does not embrace actions to enforce or foreclose liens upon real estate where the title to lands does not come in question.   The construction that would embrace one class of actions would embrace the other.   To be sure, the statute has specially provided for the foreclosure of mortgages upon realty, and the enforcement of mechanics' liens, in the circuit and common pleas courts.   2 G. & H. 289, sec. 631; *id.* 300, sec. 651.   But there is no such pro-

vision in reference to a vendor's lien, or the lien of a pur-chaser of land for taxes, whose title fails. 1 G. &. H. 111, sec. 73. These liens can only be enforced in the courts of record by virtue of the general jurisdiction conferred upon them. But if we hold that the justices' act confers juris-diction to enforce or foreclose liens upon personal property, we must also hold, to be consistent, that it confers jurisdic-tion to enforce a vendor's lien upon realty, or that of a pur-chaser at a tax sale, where the title does not come in ques-tion. It is self-evident that this was not contemplated by the legislature.

That actions to enforce such liens upon real estate do not necessarily bring in question the title, see *Harvey* v. *Dakin,* 12 Ind. 481; *Macy* v. *Allee,* 18 Ind. 126; *Jemison* v. *Walsh,* 30 Ind. 167.

We, therefore, conclude that a justice of the peace has not jurisdiction of an action to foreclose a mortgage of personalty. This is in harmony with the case of *Ainsworth* v. *Atkinson,* 14 Ind. 538. The justice having no jurisdic-tion, it follows that the circuit court had none on appeal.

The judgment below is reversed, with costs; and the court below is instructed to dismiss the cause.

*C. D. Thompson,* for appellants.