## Morse et al. *v.* Morse.

WILL.—*Posthumous Child.—Revocation of Will.—Jurisdiction of Court of Common Pleas.*—In a proceeding in the court of common pleas to have a will declared revoked by the birth of a posthumous child, for whom no provision had been made, no question as to the jurisdiction of the court could be made on the ground that the title to real estate might be affected thereby.

SAME.—*Party Plaintiff.*—Such an action may be brought by the posthumous child, or by any one interested, although there be others having a common interest who are not joined.

SAME.—*Descent.*—The birth of such a child, without provision for it in the will, revokes the will; and while such a child lives, the will is to be deemed revoked, and the property of the decedent must descend according to our statute of descents applicable to cases of intestacy.

APPEAL from the Steuben Common Pleas.

BUSKIRK, J.—It appears of record that Thomas B. Morse,

on the 31st day of March, 1872, executed his will, and on that day departed this life, leaving a widow and three children him surviving; that by such will he devised and bequeathed real and personal estate to his widow, children, brothers, sisters, and two churches therein named; that subsequent to his death, his will was duly admitted to probate, and that the persons therein named as executors qualified and entered upon the discharge of their duties as such; that on the 9th day of September, 1870, a posthumous child was born to such testator, for whom no provision was made in the said will; that such child was legitimate and was alive at the commencement of this action; for which cause it was asked that the probate of said will should be revoked; that such will should be decreed to be revoked and held for naught, and that the estate of the said decedent should be settled under the statute as though he had died intestate.

The proceeding was instituted by the appellee, who was the son and legatee of the said decedent. The executors and all other persons who were named as devisees or legatees in the will were made defendants.

The defendants moved to dismiss the action for the want of jurisdiction on the part of the court below, upon the ground that the title to real estate was in issue. The motion was overruled and an exception taken.

There was a demurrer to the complaint, for the want of sufficient facts and a defect of parties, which was overruled and an exception taken.

Marcus F. Morse answered separately, as follows: "The defendant, Marcus F. Morse, for separate answer to said complaint, says:

" 1. That he is a legatee in the last will of Thomas B. Morse, deceased, and is willing and desirous that said posthumous child shall have its full inheritance, and prays all other and equitable relief."

Each of the other persons named in the will as devisees

or legatees, except the widow and children of decedent, filed a similar answer to the one above.

A demurrer was sustained to each and all of such answers, and exceptions taken.

The executors answered jointly, in which they averred the execution of the will, the death of the testator, their appointment as executors, the probate of the will, their qualification as such executors, and what acts they had performed as such, and the birth of the posthumous child. The answer then proceeds as follows:

"They further show that before the birth of said posthumous child, estates in land and property in personalty vested in the legatees in said will named. They further say that after the birth of said child they desired that it should have its full inheritance of the estate of the said decedent, Thomas B. Morse, and intended it should have it, believing it was entitled to the same.

"They therefore pray this court to direct by decree, what execution of the will or administration of the estate should be made, and they pray all proper relief."

A demurrer was sustained to the above answer and an exception taken.

The defendants refusing to answer further, final judgment was rendered revoking the probate of said will and setting the same aside as void and appointing an administrator to settle the said estate.

The widow and children of the decedent refused to appeal. The appeal is taken by the other legatees and the executors.

There was due notice and summons. The case is properly here.

The first question presented for our decision is, whether the court below had jurisdiction of this action. There seems to be no room to entertain a doubt upon the subject. The title to real estate was not in issue. The real question involved was, whether the will had been revoked by posthumous issue, and while the decision of that question might affect the ultimate rights of devisees in and to the real estate devised by

such will, this did not put in issue the title to real estate or oust the jurisdiction of the court. *Carpenter* v. *Vanscoten*, 20 Ind. 50; *Wolcott* v. *Wigton*, 7 Ind. 44; *Holliday* v. *Spencer*, 7 Ind. 632; *Dixon* v. *Hill*, 8 Ind. 147.

Besides, the statute expressly confers upon the common pleas court the sole and exclusive original jurisdiction to hear and determine all cases to contest the validity of a will or to revoke the probate thereof. Sec. 39, 2 G. & H. 559. No other court has any jurisdiction of such actions. Even the right of appeal to the circuit court, where the case was tried *de novo*, has been taken away. See Acts Special Session, 1865, p. 183; 3 Ind. Stat. 558.

The court committed no error in overruling the motion to dismiss.

Did the court err in overruling the demurrer to the complaint?

We think the complaint was good. Upon the facts stated, the plaintiff was entitled to have the will revoked. *Hughes* v. *Hughes*, 37 Ind. 183.

The posthumous child might have brought the action alone or jointly with the appellee, but it was neither a proper nor necessary party defendant. Under our statute an action to contest the validity of a will or to set aside the probate thereof may be brought by one person, although there may be other persons, having a common interest, who are not joined, and none are to be made defendants but the executor and those who are beneficially interested in the will; and we think that by the phrase, " all other persons beneficially interested," were meant the devisees and legatees named in the will or those claiming under them. The posthumous child was not beneficially interested in the will, for, if it had been, there would have been some provision made for it, and the will would have been valid. Sec. 39, 2 G. & H. 559.

It is conceded by counsel for appellants, that there was no error in sustaining the demurrers to the separate answers of the legatees.

But it is earnestly claimed by counsel for the appellants,

that the court erred in sustaining the demurrer to the joint answer of the executors.

The position assumed is, that the will was valid at the death of the testator ; that it spoke and took effect from his death ; that it vested in the devisees and legatees the right to the land devised and the personal property bequeathed; that the rights thus vested cannot be divested by the birth of posthumous issue; and that under section 4 of the statute of wills, these rights will remain in abeyance until it is ascertained whether such child dies without issue.

The question presented renders it necessary for us to place a construction upon sections 3 and 4 of our statute of wills, which read as follows :

"Sec. 3. If after the making of a will, the testator shall have born to him legitimate issue who shall survive him, or who shall have posthumous issue, then such will shall be deemed revoked, unless provision shall have been made in such will for such issue.

"Sec. 4. But in case such child dies without issue, and the wife of such testator be living, the estate of the testator, except the wife's interest therein, shall descend according to the terms of the will ; and in case of the death of the wife, and also of the child, without issue, the whole of such estate shall descend as directed in the will, unless such child have a wife living at his death, in which case such wife shall hold such estate to her use so long as she remains unmarried." 2 G. & H. 552.

This court held, in *Hughes* v. *Hughes*, 37 Ind. 183, that the birth of a child after the making of the will, without any provision being made in such will for such child, worked an absolute revocation of the will. The same rule would apply to the birth of a posthumous child.

We are now asked to hold that under section 4 the will is not absolutely revoked, but that the whole matter is held in abeyance until the death of the child without issue.

It is quite clear to us that upon the record in this cause,

Vol. XLII.—24

no question arises which requires us to determine what would be the effect of the death of the posthumous child without issue.   By the third section, the birth of the child, without any provision having been made therefor in the will, revoked the will.   By the fourth section certain provisions are made in reference to the descent of the property of the testator in case such child dies without issue.   The record shows that the child is living, and while it continues to live the will is to be deemed revoked, and the property of the decedent must descend according to our statute of descents in case of intestacy.

We therefore withhold any opinion as to the proper construction of section 4, except that the will and property of the testator are not held in abeyance until the happening of the contingency provided for in such section.

The judgment is affirmed, with costs.

*D. E. Palmer*, for appellants.

*Best & McClellan*, for appellee.