## SIPE ET AL. *v.* HOLLIDAY ET AL.

INJUNCTION.—*Action on Injunction Bond.—Defence.—Res Adjudicata.*—Matter which goes only to the merits of an action to procure an injunction can not be considered in an action on the bond given in such injunction proceeding.

SAME.—*Power of County Commissioners.—Improvement of Streets of Town.— Judicial Notice.*—In an action on an injunction bond, to recover damages resulting from the delay occasioned by the injunction, the complaint alleged that the defendant had enjoined the plaintiff from proceeding with the completion of a contract between the plaintiff and the board of commissioners of a certain county, for the improvement of the streets surrounding the public square of the county-seat, which action had been defeated.

*Held,* on demurrer, that the power of such county commissioners to make such contract entered into the merits of that action, and can not be considered in this.

*Held,* also, it not being averred that such county seat was an incorporated town, that the court can not judicially know that it had been incorporated, and therefore no question arises as to the power of town trustees to make such improvements.

SAME.—*Defence.*—An answer in such action setting up matter which would have been merely a defence to the action for an injunction is insufficient.

SAME.—*Pleading.— Title to Real Estate.—Jurisdiction of Common Pleas Court.*—An answer in such action, alleging that the defendant had applied for such injunction in the court of common pleas on the ground that the improvements being made by the plaintiff would work irreparable damage to adjoining real estate alleged to belong to the defendant, is insufficient, as the title to such real estate was not so involved as to oust such court of jurisdiction.

SAME.—Jurisdiction to grant an injunction was expressly conferred on courts of common pleas by section 21, 2 G. & H., p. 25.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*S. O. Bayless* and *A. E. Paige,* for appellees.

NIBLACK, C. J.—This was a suit by David E. Holliday and John C. Meneely against Charles Sipe and Noah V. Catterlin, on an injunction bond.

The complaint may be briefly stated as follows:

That on the 5th day of November, 1872, and for some time previously thereto, the plaintiffs were engaged in boul-

dering and otherwise improving certain ditches on the sides of the streets adjoining and surrounding the public square in the town of Frankfort, under a contract with the Board of Commissioners of the county of Clinton; that at that time the earth was in good condition, and the weather very favorable, for the work in which they were so engaged, which said work might have been completed within ten days thereafter, if no interruption had taken place, and at a cost of not exceeding three hundred dollars; that on said 5th day of November, 1872, the defendant Sipe filed in the clerk's office of the common pleas court of said county of Clinton his complaint against the plaintiffs herein, praying a perpetual injunction against them, enjoining them from the continuance and completion of said work; that on the same day the judge of said common pleas court granted an interlocutory or temporary restraining order against these plaintiffs, requiring them to abstain from the further prosecution of such work until the 18th day of the same month, at which last named time said interlocutory or temporary restraining order was dissolved by said judge, and that afterward, upon a trial of said cause for a perpetual injunction in the Clinton Circuit Court, to which it had been transferred by operation of law, there was a verdict and judgment in favor of the defendants, the plaintiffs in this action.

That before the granting of the said temporary restraining order, and in order to obtain the same, the defendants herein executed to the plaintiffs their written undertaking, commonly called an injunction bond, a copy of which was filed with the complaint, for the payment of all costs and damages which might accrue to the plaintiffs by reason of said restraining order.

That immediately after the dissolution of the said interlocutory or temporary restraining order, the earth became frozen to the depth of twelve inches, and so remained for

a long period of time, during which the plaintiffs were obliged to finish the bouldering of, and other improvements upon, said ditches, and, by reason of which frozen condition of the earth, the labor and expense of said work were greatly increased; that, in consequence of the delay occasioned by said restraining order and of the increased labor imposed thereby, as above stated, such work was completed at a cost of one thousand dollars, an increase of seven hundred dollars above what the cost thereof ought to have been, and the plaintiffs were put to additional cost and expense in defending said injunction proceedings.

Wherefore damages were demanded by the plaintiffs.

A demurrer to the complaint being first overruled, the defendants answered in five paragraphs:

1. The general denial.

2. That, at the time of the commencement of the injunction suit, the defendant Sipe was the owner of lots Nos. 6, 7 and 8 in said town of Frankfort, fronting on the north side of Washington street, a short distance east of the public square, on one of which said lots he had a carpenter shop, and on the others a hotel and his residence; that the plaintiffs were, without right and wrongfully, illegally and maliciously intending to injure him and his said property, by constructing the ditch and other improvements around the public square in such a manner as to throw the whole drainage of about four acres of ground across Washington street aforesaid, and to deposit the same in front of his said property, thereby creating a nuisance injurious to health and to the enjoyment and value of said property, and for which he, said Sipe, could not have any adequate remedy by an ordinary action for damages. Wherefore an emergency existed for a restraining order upon the plaintiff, and in consequence the defendant Sipe instituted and prosecuted his said action for an injunction

restraining the plaintiffs only from doing what they had no right to do.

3. That the injunction suit, in which the bond sued on was given, put the title of the defendant Sipe to said lots Nos. 3, 7 and 8 in the town of Frankfort in issue, and that by reason thereof the common pleas court, in which such suit was instituted, had no jurisdiction of said suit. Wherefore the proceedings in said injunction suit were void.

4. That the defendant Sipe was the owner and the occupant of lots Nos. 6, 7 and 8, in substance as set up in the above named second paragraph; that the plaintiffs were contriving to injure the said Sipe, and were wrongfully constructing the improvements in question, very much as the same supposed proceedings were also set out in the said second paragraph, concluding with an averment that the drainage which the plaintiffs were about to throw across Washington street and to deposit in front of his property would injure the sidewalks and interfere with his proper communication between his said property and the street, in addition to other annoyances and injuries.

5. That the complaint in the suit by the defendant Sipe for an injunction was, in substance, that he, the said Sipe, was at the time, and for more than ten years had been, the owner and legally seized in fee-simple of lots Nos. 6, 7 and 8, above herein described, together with all the easements, privileges and appurtenances thereto belonging; then setting out the improvements which the plaintiffs were engaged at the time in making, and their intention to construct such improvements in such a way as to injure the said Sipe and his property, substantially in the same manner as in the second paragraph of this answer, concluding with the prayer, that the defendants, the plaintiffs in this action, might be restrained and enjoined from constructing the proposed improvements as it was alleged they intended to do; that to this complaint the plaintiffs, as

the defendants in that action, answered generally, denying the facts therein alleged. Wherefore the defendants in this action averred that the common pleas court had no jurisdiction of said suit for an injunction against the plaintiffs.

The plaintiffs severally demurred to the second, third, fourth and fifth paragraphs of the answer, and their demurrers were sustained as to all those paragraphs.

Upon the trial there was a finding and judgment for the plaintiffs.

The evidence is not in the record, and the only errors assigned here are upon the overruling of the demurrer to the complaint and to the sustaining of the demurrers to the last four paragraphs of the answer as above set forth.

It is contended that the complaint is defective in not showing affirmatively, that the contract under which the plaintiffs assumed to make the improvements, which the injunction suit was brought to restrain, was one which the board of commissioners was authorized to make. That, on the contrary, it was obvious from the facts alleged, that the commissioners had no authority to make such a contract, as in incorporated towns the trustees are charged with the duty of grading and improving the streets.

In answer to the position thus assumed we have to reply, that, in the first place, the question of the authority of the commissioners to make the alleged contract was one which went to the merits of the action for the injunction, and we must presume that it was taken into consideration and passed upon in the decision of that case. In the next place it is not averred in the complaint, that Frankfort is an incorporated town, and we can not take judicial notice that it is. We think, therefore, that the question of the authority of the commissioners to make the alleged contract for such improvements did not arise upon the complaint in this case. We see no objection to the sufficiency of the complaint.

The matters set up in the second paragraph of the answer also went to the merits of the injunction suit, and must also be presumed to have been adjudicated by it. To have sustained the sufficiency of this second paragraph would have resulted in a practical re-examination of the injunction proceedings on their merits, which was clearly inadmissible in a suit like this for damages on an injunction bond given during the progress of such proceedings, after there had been a decision upon the merits of the application for the injunction.

There was nothing on the face of the complaint showing that the title to the real estate was in issue in the injunction suit, and the bare allegation of the third paragraph of the answer, that the title to real estate was put in issue by such suit, was pleading a conclusion of law merely, without giving the facts on which such conclusion was based, which made that paragraph bad on demurrer.

The objections which we have pointed out to the second paragraph of the answer are equally applicable to the fourth paragraph, and show it to have been insufficient as an answer to the complaint before us. It is further contended that the facts alleged in the fifth paragraph of the answer showed that the title to real estate was put in issue by the pleadings in the injunction suit, because Sipe answered in the complaint that he was the owner of the lots about to be injured by the improvements complained of, to which averment the general denial was as applicable as to any other portion of the complaint, and hence that the common pleas court had no jurisdiction of that proceeding. But it is manifest from what it was alleged the complaint in that case contained, that the chief and only object of that suit was to obtain an injunction against the further prosecution and completion of certain public improvements on land contiguous to the plaintiff, and which the plaintiff alleged were illegal and unauthorized. Under

these circumstances the allegations of the complaint did not raise any question of title, within the meaning of the act defining the jurisdiction of courts of common pleas. *Wolcott* v. *Wigton*, 7 Ind. 44; *Carpenter* v. *Vanscoten*, 20 Ind. 50; *Godfrey* v. *Godfrey*, 17 Ind. 6; *Macy* v. *Allee*, 18 Ind. 126; *Morse* v. *Morse*, 42 Ind. 365.

There was no other pleading in that cause, whether verified by affidavit or not, which raised any question concerning title to real estate, within the meaning of that act. 2 G. & H., p. 22, sec. 11.

Jurisdiction to grant injunctions was expressly conferred on the courts of common pleas, and where the declared object of an action was only to obtain an injunction, those courts had jurisdiction to try all merely incidental questions arising in the cause. 2 G. & H., p. 25, sec. 21.

We find no error in any of the decisions of the court below on the demurrers to the several paragraphs of the answer.

The judgment is affirmed, at the costs of the appellants.