## PURSELL and Others *v.* PAPPENHEIMER and Another.

*A.* obtained a judgment against *B.* upon which execution issued, but the sheriff could find no property. *A.* then made affidavit and complaint that *B.* had, a short time before the rendition of the judgment, sold a large amount of property to *C.,* for which he had taken promissory notes for 10,000 dollars,

none of which were yet due; and prayed an order for the application of so much thereof, when paid, as would satisfy the judgment, and forbidding the transfer of the notes. The proceeding was based upon §§ 522, 523, 524, 2 R. S. p. 153. Demurrer, on the ground that the affidavit and complaint showed that the notes were not due, overruled. *Held*, that there was no error.

*B.* then answered that the notes were given for real estate, for which a conveyance was executed; that he, *B.*, was to complete a house thereon, and gave his bond in 5,000 dollars, to that effect; that he was unable to comply with his contract, and *C.* had advanced 800 dollars' worth of materials, &c. *Held*, that if the answer was intended to cover more than 800 dollars, it was too indefinite; that if it was only intended to cover 800 dollars, or, indeed the 5,000 dollars, it was not an answer to the whole complaint; that the averment that *B.* could not comply with the contract does not, of itself, make the answer good, whilst the conveyance of the land and the contract therefor remain in force.

The Court rendered judgment against *C.* for 403 dollars, 38 cents—that being the amount of the judgment, interest, and costs against *B.*—and ordered that *C.* pay the same, with interest, on or before the time the first note matured, and that, in default of payment, an execution should issue against *C.*, as upon other judgments. *Held*, that the judgment was wrong; that the order should only have enjoined and forbade the transfer of the notes by the holder, or the payment of the debt by the maker, until the debt matured, or until further order by the Court.

APPEAL from the *Montgomery* Circuit Court.

Hanna, J.—The facts of this case appear to be, that the appellees recovered a judgment against *Pursell* and *Pursell*, upon which an execution was issued, and, at the time these proceedings were instituted, was in the hands of the sheriff, but he was not able to find any property to levy upon. An affidavit and complaint of the appellees aver that the *Pursells* had, a short time before the rendition of the judgment, sold a large amount of property to one *Marvin*, for which they had taken his promissory notes, for 10,000 dollars, payable at certain periods of time agreed upon, neither of which notes had then matured. They ask the Court to order the application, when paid, of so much of said indebtedness of *Marvin* as may be necessary to satisfy their judgment, and to forbid said *Pursells* from transferring said notes, &c., under §§ 522, 523, 524, 2 R. S. p. 153.

The defendants demurred, for the reason that the complaint and affidavit showed that the notes of *Marvin* were

not due. The demurrer was, we think, correctly overruled by the Court below.

The language of § 522 is, that upon an affidavit "that any person or corporation has property of such judgment-debtor, or is indebted to him in any amount," &c., such person, &c., may be required to appear and answer. Section 523 provides for an examination, and requires that the same, and all answers, &c., shall be on oath, &c. Section 524 provides that, "upon the hearing, the judge of the Court may order any property of the judgment-debtor, &c., or any debt due to the judgment-debtor, to be applied to the satisfaction of the judgment; and forbids transfers of property and choses in action. And such judge or Court shall have full power to enforce all orders and decrees in the premises, by attachment or otherwise." It is insisted by the appellant that there is not such indebtedness or "debt due," in this case, as was contemplated and intended to be embraced in and affected by this statute; and that none but debts which have matured at the time of the proceeding, can be reached thereby. Construing the latter part of § 524, which gives the power to forbid transfers, &c., with the language used in § 522, we are inclined, as before stated, to the opinion that this position of the appellants is not well taken, but that it embraces indebtedness, matured or not.

The appellant then filed an answer, which, if we properly understand it, was an attempt to set up a partial failure of consideration, as an answer to the whole proceeding. The notes of *Marvin* to the *Pursells* were given for real estate, for which a conveyance was executed. The *Pursells* were to complete a house thereon, which was partly done, and gave their bond in the penalty of 5,000 dollars to that effect. The answer alleges that they could not comply with their contract, and *Marvin* had advanced 800 dollars' worth of materials, &c. If the answer was intended to cover more than the 800 dollars, it was too indefinite. If that was all it was intended to cover, or indeed, if it was intended to cover the 5,000 dollars, it was not an answer to the whole complaint. In either view, the answer was

insufficient, and a demurrer was properly sustained; for the averment that the *Pursells* could not comply with their contract, does not, of itself, make the answer good, whilst the conveyance of the land and the contract therefor remain in force.

The appellants refused to answer further, and the Court thereupon rendered a judgment in favor of the appellees against *Marvin* for 403 dollars, 38 cents—that being the amount of the judgment, interest, and costs in favor of the appellees and against the *Pursells*—and ordered "that said *Marvin* pay the same, with interest, on or before the 27th day of *February*, 1859—that being the time that the first note in the complaint mentioned matures—and that, in default of said *Marvin* paying, &c., at that time, an execution issue against him for said sum, as upon other judgments."

We are of opinion that the judgment against *Marvin*, in the form in which it is entered, is wrong; for the reason, among others, that if there should, before the note matures, be a failure of the consideration thereof, such failure could not be set up as a defense to the execution which might be issued upon such judgment.

If the claim ordered to be applied upon the judgment, was due at the time the order was made, then such order could be enforced by attachment, &c.; but if it was not due, the better construction of the statute would appear to be, that the only order or decree that could be made should be to enjoin and forbid the transfer of the notes by the holder, or the payment by the maker, until such debt matures, or until the further order of the Court.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*I. Naylor,* for the appellants.

*A. Thompson* and *B. L. Ristine,* for the appellees.