May Term, 1859.

Brisco
v.
Askey.

*J. P. Usher*, for the appellant.

(1) *Ante*, 465.
(2) *Ante*, 91.

---

## BRISCO *v.* ASKEY.

*Quære*, whether the word property, as used in the statute touching proceedings supplementary to execution (2 R. S. p. 152, § 518), includes only such lands, goods, &c., as are subject to execution in the first instance.

To extend this extraordinary remedy so as to include certain other means, the provisions of § 522 of the same statute must be complied with.

After the proper steps have been taken, in this respect, the Court should not order accounts to be sold on execution, but should order the defendant not to transfer them; and if the persons against whom the accounts exist, are parties, the order may forbid payment, or require payment on the judgment of the plaintiff.

*Wednesday, June 29.*

APPEAL from the *Lagrange* Court of Common Pleas.

Hanna, J.— This was a proceeding supplementary to execution, by *Askey* against *Brisco*, under the statute (2 R. S. p. 152, § 518), which provides, in substance, that after a return of an execution, &c., unsatisfied, the judgment-creditor shall be entitled to an order, &c., requiring the defendant to appear, &c., and answer concerning his property within the county.

The proceedings under §§ 518 and 519 are different. Under § 518, an order may issue without an affidavit. Under § 519, where proceedings are instituted after the execution has been issued, an affidavit must be filed that the judgment-debtor residing in the county has property

(describing it) which he unjustly refuses to apply towards the satisfaction of the judgment. This proceeding was evidently under the 518th section, for no affidavit was filed, nor did the complaint filed to obtain the order, describe any property.

It appears from a bill of exceptions, that the defendant was sworn, and, upon his testimony, the order and judgment hereafter noticed, was entered. From that it is shown that he had property to the amount of 250 dollars' worth, which was all, including his household furniture, that he possessed, except certain accounts which were standing upon his books against various individuals; that offsets existed against some of them, but to what amount he did not know; that he had not fraudulently transferred or concealed any of his property, &c.

The persons who were thus apparently indebted to the defendant were not made parties to the proceeding. This, it is provided, may be done (§ 522), and they required to appear and answer, &c. But before they can be so required to appear, &c., an affidavit must be filed stating such indebtedness, and that the same, together with other property claimed by the defendant as exempt from execution, exceeds the amount of property so exempt.

The affidavit was not filed.

The order entered was, that "the defendant deliver to the sheriff of said county said claims and demands to be sold on the execution in this case, which is now done in open Court," &c., and that he be enjoined from collecting the same, &c.

This proceeding is wrong in several particulars. Whether the word property, as used in § 518, would include only such lands, goods, chattels, &c., as are, by law, subject to execution, in the first instance, without any extraordinary proceedings, we need not decide. To extend this extraordinary remedy, so as to include certain other means, the provisions of § 522 should be complied with. After the proper steps were taken, in that respect, the Court should not, in our opinion, have ordered the accounts sold on execution, but should have made an order that the

May Term,
1859.

defendant should not transfer them; and if the persons against whom the claims existed, had been parties, the order might have forbid them from paying the defendant, and have required the payment at maturity, &c., on the judgment of plaintiff. *Pursell* v. *Pappenheimer*, 11 Ind. R. 330.

There was nothing on the record which authorized the Court to inquire as to the claims concerning which the order was made.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Parrett*, for the appellant.