Carpenter et al. *v.* Vanscoten et al.

*R. P. Davidson,* for the appellants.

———————

CARPENTER *et al. v.* VANSCOTEN *et al.*

PRACTICE.—Where proceedings supplementary to execution are instituted, under § 518, (2 R. S. 152,) *in vacation,* the *order* thereby required to be issued by the Clerk, may be a common *summons.*

EXECUTION.—An execution may be issued during the term at which the judgment is rendered, upon the request of the judgment plaintiff, without motion, affidavit, or order of the court.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—Section 518, (2 R. S. 152,) entitles a creditor, who has failed to collect his debt on execution, to a mere discovery as to the existence and value of the debtor's property, within the county, and he only needs to make and file a statement in the nature of a complaint, as a basis upon which to issue the *order* on the defendant, but no answer by the defendant, either making or tendering issue, is authorized or necessary.

JURISDICTION.—In proceedings supplementary to execution, the fact that the title to real estate is incidentally involved, as for the purposes of discovery, does not deprive the Court of Common Pleas of jurisdiction; such jurisdiction exists, except where such title is the sole or principal thing to be determined.

APPEAL from the *Steuben* Common Pleas.

DAVISON, J.—This was a suit instituted by the appellees, who were the plaintiffs, under the statute regulating proceed-

Carpenter et al. *v.* Vanscoten et al.

ings supplementary to execution. 2 R. S. p. 152. The complaint alleges that at the *March* term, 1860, the plaintiffs recovered a judgment in the *Steuben* Common Pleas, against *Willis Carpenter* for 177 dollars, and that after the judgment was so recovered, viz: on the 28th of *March*, a writ of *fieri facias*, issued thereon, which was afterwards, on the 14th of *May*, returned *nulla bona.* That *Carpenter*, against whom the judgment was rendered, resides in *Steuben* county; has an equitable interest in certain real estate, describing it, in said county, which he refuses to apply to the satisfaction of said judgment; that he is now in possession of the same real estate, under and by virtue of a contract as purchaser thereof, from *Oliver Smith;* that in pursuance of the contract, he *Carpenter*, has made valuable improvements thereon; has paid most of the purchase money, and that the interest so owned by him, is of value sufficient to pay the judgment. The relief sought is that said interest be sold to satisfy the execution, &c. The complaint is verified by affidavit.

Upon the filing of this complaint in the Clerk's office, the Clerk issued a summons directed to the proper sheriff, commanding him to summon *Willis Carpenter* and *Oliver Smith* to appear in said court on the second day of the next term thereof, to answer the plaintiff's complaint, &c. The summons appears to have been served on the 24th of May, 1860. At the August term, 1860, being the term next after the summons was served, the defendants, *Carpenter* and *Smith*, moved to dismiss the suit, on the ground that no order of a court, or of a clerk was issued, requiring them to appear and answer, as provided by the statute. The motion to dismiss was refused, and the defendants excepted.

The statute to which we have referred, enacts that "When an execution against the property of a judgment debtor, is returned unsatisfied, in whole or in part, the judgment creditor, after such return is made, shall be entitled to an order

to be issued by any court of record of the county, to which such execution issued, or by the clerk thereof, in vacation, requiring the judgment debtor to appear forthwith before the court, if in session, if the court is not in session, then before a judge thereof, at a time and place to be specified therein, or on the first day of the next term of the court, to answer concerning his property within the county, to which execution was issued." 2 R. S. p. 152, sec. 518. As we have seen, the original process in this case, was a summons issued by the clerk, while the statute directs that in like cases, an order of a court, or of a clerk, shall be issued. As the process before us was issued *in vacation*, we perceive no reason why it should not be held within the substantial requirements of the statute.

There is a bill of exceptions which shows that the defendants moved to set aside the execution described in the complaint, for the reason that it was issued in term time, during the same term in which the judgment, upon which it is founded, was rendered, without motion, affidavit, or order of the court. This motion the court overruled, and we think correctly. Section 405 of the Practice Act, as we understand it, authorizes an execution to be issued *at any time* within *five years* after the entry of the judgment. Within that period it may be issued at the mere suggestion of the judgment creditor, and of course may issue *in term time*, "without motion, affidavit, or order of the court." 2 R. S. p. 128.

The defendant, *Carpenter*, answered: 1. By a denial. 2. That he has no interest or title in the land described in the complaint. 3. The title to the land is in his co-defendant, *Oliver Smith*, and that one *Rosanah Carpenter* has an equitable interest therein. 4. And the defendant, *Smith*, for separate answer avers, that he has the title to the land, but to whom the interest in the contract belongs, he knows not; that 100 dollars is as yet unpaid, and that he has received money of *Rosanah Carpenter*, in payment for said land.

Carpenter et al. *v.* Vanscoten et al.

The second paragraph is verified by oath. Upon the filing of this answer, the defendants moved to certify the case to the *Steuben* Circuit Court, on the alleged ground that the title to real estate was in issue by the pleadings; but their motion was overruled. Thereupon the plaintiffs moved to reject the entire answer. This motion was sustained. The cause was then submitted to the court for trial, and the evidence having been heard, there was a finding for the plaintiffs. New trial refused, and judgment.

It is contended that section 518, above recited, and upon which this proceeding is based, does not contemplate the formation of issues, as in ordinary cases, and hence, the answer was properly rejected. This position seems to be correct. That section, as we understand it, simply entitles the judgment creditor, having failed to collect on execution, to a mere discovery, as to the existence and value of the debtor's property "within the county." This, it seems to us, is the sole purpose of the proceeding. As a basis on which to issue the order against the defendant to appear and answer, the creditor may be required to present a statement, in the nature of a complaint, but to attain a proper result, no answer either making or tendering issues, is authorized or necessary. If this construction be correct, the court in rejecting the answer, committed no available error.

The refusal to certify the case to the circuit court presents the next inquiry. It is enacted that "When it appears on the *face of the complaint*, or by other legitimate pleadings, verified by affidavit, that the title to real estate is in issue, in the common pleas court of any county, the cause with the papers and a transcript of the entries of record, shall be transferred to the circuit court of the same county." Acts 1859, p. 94, sec. 1.

As we have seen, there was in this case, no proper issue, and of course, other than the complaint, there were no legit-

imate pleadings. Hence, the question to settle is, does the complaint, on its face, show that the title to real estate is in issue? The enactment, as we construe it, relates alone to cases in which the legal title is *directly* in issue, that is "where such title is the sole or principal thing to be determined, but where it is not the purpose of the action to determine the title, but the question only arises incidentally, the jurisdiction exists." This construction is fully sustained by authorities, 7 Ind. 44, 632; 8 *id.* 147; 14 *id.* 486. In cases of this sort the statute expressly confers jurisdiction on the common pleas. The purpose of this suit, as appears on the face of the complaint, is not to determine the title, but simply to compel a discovery of the interest of the defendant in the described land. It is, therefore, obvious that by the complaint, the title to real estate is not in issue.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. E. Palmer* and *J. A. Woodhull,* for the appellants.