## HOBBS v. TOWN OF EATON.

[No. 5,647. Filed June 26, 1906. Rehearing denied October 12, 1906.]

1. PLEADING. — *Complaint.* —*Theory.* — *Briefs.* — The Appellate Court in determining the theory of a complaint may examine the whole record and also the briefs of counsel. p. 630.

2. APPEAL AND ERROR. — *Trial.*—*Rulings.*—*Presumptions.*—Appellate courts will indulge all reasonable presumptions in favor of the rulings of the trial court. p. 631.

3. PLEADING. — *Complaint.*—*Execution.*—*Supplemental Proceedings.*—*Surplusage.*—*Statutes.*—A complaint showing that plaintiff recovered a judgment against defendant; that execution was returned unsatisfied; that defendant is a resident of the county; that his codefendant owes him money which an execution will not reach and which the defendant "wrongfully refuses and fails to apply to the satisfaction of said judgment," states a cause of action under §§827, 831 Burns 1901, §§815, 819 R. S. 1881, the quoted clause being treated as surplusage. p. 631.

4. EXECUTION.—*Exemption.*—*Road Labor.*—*Statutes.*—No exemption can be claimed by virtue of §715 Burns 1901, §703

R. S. 1881, as against an execution on a judgment for commutation on defendant's failure to work the roads as provided by §6825 Burns 1901, Acts 1883, p. 62, §11. p. 631.

5. EXECUTION.—*Exemptions.—Right of.*—The right of exemption is purely statutory. p. 632.

6. APPEAL AND ERROR.—*Questions Presented Twice.—Disposal of.*—A question, on appeal, decided on the sufficiency of the complaint will not be decided again on the ruling on a motion for a new trial. p. 632.

7. TRIAL.—*Evidence.—Surplusage.*—It is not necessary to offer any proof to support surplusage in the pleadings. p. 632.

8. NEW TRIAL. — *Evidence. — Supplemental Proceedings.* — The transcript of a justice's docket showing a judgment against defendant for commutation for failure to work the road, together with evidence that such judgment is in force and uncollectible by execution, sustains a judgment in supplemental proceedings against defendant's debtor and in denial of defendant's alleged exemption. p. 632.

9. EVIDENCE.—*Judgment.—Collateral Attack.—Execution.—Supplemental Proceedings.*—The original judgment cannot be attacked, in a supplemental proceeding, by evidence tending to show it was erroneous, where no issue is made as to its validity. p. 633.

10. APPEAL AND ERROR. — *Weighing Evidence.* — The Appellate Court cannot weigh conflicting oral evidence. p. 633.

11. SAME.—*Independent Assignments.—New Trial.*—Questions which can be included in a motion for a new trial cannot be assigned independently on appeal. p. 634.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Supplemental proceedings by the Town of Eaton against Absalom B. Hobbs and another. From a judgment for plaintiff, defendant Hobbs appeals. *Affirmed.*

*James W. Brissey* and *John E. Ethell,* for appellant.

*Rollin Warner, Edward M. White* and *William F. White,* for appellee.

MYERS, J.—This is a proceeding supplementary to execution, begun by appellee against appellant and the Muncie, Hartford & Ft. Wayne Railway Company, by a duly verified complaint in one paragraph. Demurrer to the complaint for want of facts overruled. Denial filed, trial, and

judgment for appellee.   Motion for a new trial overruled.

(1)  The first error assigned questions the sufficiency of the complaint.

The complaint in substance states that appellee recovered a judgment, before a justice of the peace, against appellant for less than $50; that execution was issued and returned, "no property found;" that thereafter a transcript of the proceedings and judgment before the justice was filed in the Delaware Circuit Court; that another execution was issued to the sheriff of Delaware county, and was returned wholly unsatisfied; that appellant, Hobbs, has been, continuously since the rendition of said judgment, and now is, a resident of Delaware county, Indiana; that the Muncie, Hartford & Ft. Wayne Railway Company is indebted to appellant on account of wages earned in the sum of $40; that appellant has no other property; that appellee's judgment before said justice of the peace is founded on appellant's failure to pay commutation, as provided by §6825 Burns 1901, Acts 1883, p. 62, §11, and is without relief and without right of exemption; that the property of "Hobbs so in the possession of said railway company is not exempt from being applied to the satisfaction of said judgment, but cannot be reached by an ordinary execution in the hands of the sheriff."   Other allegations in the pleading tend to obscure the theory of the pleader, and render doubtful whether this proceeding is under §827 Burns 1901, §815 R. S. 1881, or §828 Burns 1901, §816 R. S. 1881, in connection with §831 Burns 1901, §819 R. S. 1881.   Appellant argues that it is under §§828, 831, supra, while appellee claims that it is based on §§827, 831, supra.

In view of the different constructions placed upon the pleading, it becomes our duty to determine the theory of the complaint, and in doing this we may look to the entire record, as well as all briefs of counsel in the case.   Carmel Nat. Gas, etc., Co. v. Small (1898), 150 Ind. 427.   From the information thus obtained, and

from the most prominent and leading allegations of the complaint above exhibited, and indulging all reasonable presumptions in favor of the proceedings and judgment of the trial court (*Campbell* v. *State* [1897], 148 Ind. 527; *Center School Tp.* v. *State, ex rel.* [1898], 20 Ind. App. 312), it would seem that the cause proceeded to judgment on the theory that the complaint stated a cause of action under §831, *supra,* in connection with §827, *supra.* In view of this conclusion the allegation, "which said sum of $40 said defendant, Hobbs, unjustly, unlawfully and wrongfully refuses and. fails to apply to the satisfaction of said judgment," is not controlling and will be treated as surplusage, and the complaint on the theory stated will be held sufficient on demurrer to authorize the execution plaintiff to invoke the assistance of the court to enforce its judgment. *Burkett* v. *Bowen* (1889), 118 Ind. 379; *Sherman* v. *Carvill* (1880), 73 Ind. 126; *Fowler* v. *Griffin* (1882), 83 Ind. 297.

Appellant argues that, under the averment of the complaint, it clearly appears that the property appellee is seeking to have applied to the payment of its judgment, together with all of his other property, does not amount to $600, and the same is therefore exempt from levy. On this question the complaint shows that the judgment in the original action was rendered without "benefit of exemption," and was predicated upon a statutory liability of appellant to appellee. §6825, *supra.* This statute expressly provides that no stay of execution or benefit of exemption, valuation or .appraisement law shall be allowed on a commutation money judgment. The language of our statute on this subject is plain, its validity unquestioned, and in this class of cases must control the debtor's right of exemption as against the general provision. §715 Burns 1901, §703 R. S. 1881; *Winfield Tp., ex rel.,* v. *Wise* (1880), 73 Ind. 71. Property exemption from levy and

sale by judgment creditors in this jurisdiction is purely statutory, and it is with the legislature to say to what class of debts it shall apply. And, having expressly provided that a judgment for commutation money shall be without the benefit of exemption, the statute authorizes the judgment creditor to have any property in the possession of appellant's codefendant belonging to such debtor applied to the payment of such judgment, or so much thereof as is necessary fully to satisfy the same. Therefore it follows that the complaint in this action is not affected by this question.

(2) Appellant also assigns error of the court, in overruling his motion for a new trial. The reasons assigned in support of this motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law. Under this assignment the questions argued are that there is no evidence to sustain the following allegations of the complaint: (1) That appellant "unjustly refuses" to apply the money sought to be reached in payment of the judgment. (2) That such money is not exempt from execution. Also that the decision of the court is contrary to law.

What we have said in disposing of the demurrer to the complaint largely applies to the questions presented under this assignment, and practically disposes of them contrary to appellant's views. Having treated the allegation in the complaint "unjustly refuses" as surplusage, the question of whether there was any evidence tending to support it is immaterial. On the question of exemption, appellee introduced in evidence all of the pleadings and proceedings, including the judgment before the justice of the peace, from which it appears that the issue in that case was the question of appellant's liability to appellee for what is known and designated by our statute as commutation money. The pleadings in that case were sufficient to ap-

prise the court trying this case as to the nature of that action, and as the law is effective to bar appellant's right of exemption, in the enforcement of such judgment, we cannot say in this particular there was no evidence to support the decision of the court, nor that the decision of the court was contrary to law. But aside from the theory last stated, appellant has pointed out no error in this regard, for the further reason that this is an independent action, in no way affecting the merits of the action in which the original judgment was rendered. Therefore, any evidence which would tend in any way to interfere with, alter or change the face of the original judgment would be improper. *Harper* v. *Behagg* (1896), 14 Ind. App. 427. The original judgment stands unimpeached, unappealed from, and with validity unquestioned. And, as this action is not a continuation of or an incident to the original action, there is no issue to support evidence, the effect of which would be to affect the rights of the parties under the original judgment (*Harper* v. *Behagg,* *supra,* and cases there cited), for the reason that the only issue now presented is that of affording appellee that relief to which he is entitled, under the terms of his judgment.

Appellant insists that the weight of the evidence is in his favor. The evidence in this case is in part verbal. Therefore, under the decisions of the Supreme Court and this Court, we cannot examine the evidence to determine where the preponderance lies. *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694; *Tyler* v. *Davis* (1906), 37 Ind. App. 557. The decision of the court in this case is clearly within the issue, and it appearing from the evidence that the Muncie, Hartford & Ft. Wayne Railway Company, one of the defendants below, has in its possession property belonging to appellant, which property is not, by the terms of the judg-

ment, exempt from its payment, and this action being in aid of such judgment, warrants the conclusion that the decision of the court in so ordering its application is not contrary to law.

Other errors are assigned, some of which have been discussed and decided under the above assignments. The remaining ones, upon an examination, we find to be reasons in support of a motion for a new trial.

Finding no error in the record, the judgment of the trial court is affirmed.