**REVERE OIL CO. et al. v. BANK OF CHIL-LICOTHE.** (No. 2184.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 17, 1923.)

1. Garnishment ⬾87—An application for garnishment against a trust estate, alleging the residence of the trustees, is sufficient.

An application for a writ of garnishment against a trust estate and the trustees individually, which alleges the residences of the trustees who are the persons on whom service should be had is sufficient though the trust estate is an association which might have a residence in the same manner as a corporation under Rev. St. art. 6149.

2. Garnishment ⬾97—Garnishee named in application cannot complain, in absence of injury, that writ also includes others.

Where an application for a writ of garnishment was against a trust estate alone, and the writ granted was against the trust estate and its trustees, the trust estate not being prejudiced cannot complain.

3. Garnishment ⬾97—That writ defective in part does not avoid the writ as a whole.

Where a writ of garnishment calls for an answer as to the indebtedness of the garnishee to defendant, the fact that, through clerical error, that part of the writ requiring an answer as to effects in the hands of the garnishee was ineffective, does not avoid the writ as a whole.

4. Garnishment ⬾96—Officer's return of service on trustees individually held sufficient; "individually"; "giving."

An officer's return of service that he delivered writ of garnishment by giving trustees individually a true copy of the writ of garnishment shows sufficient service against a trust estate, being equivalent to a declaration that the writ was delivered to each trustee in person; "individually" meaning separately and personally, and "giving" meaning the same as delivering.

[Ed. Note.—For other definitions, see Words and Phrases, Individually.]

5. Evidence ⬾43(1)—Court takes judicial notice in garnishment proceedings of proceedings in the main cause.

Garnishment proceedings being ancillary to the proceedings in the principal suit, judicial notice is taken of the proceedings in the cause to which it is ancillary.

6. Garnishment ⬾177—Judgment may be taken against a garnishee, though time for appeal has not expired.

Under Rev. St. art. 282, providing that a judgment may be taken against a garnishee any time after judgment has been rendered against defendant, the fact that the judgment against defendant is not final, the time within which an appeal might be taken or a writ of error sued out not having elapsed, is immaterial.

Error from District Court, Hardeman County; J. A. Nabers, Judge.

Garnishment by the Bank of Chillicothe against the Revere Oil Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Burns, Christian, Gumm & Gordon, of Fort Worth, for plaintiffs in error.

Hankins & Magee, of Quanah, for defendant in error.

BOYCE, J. The Bank of Chillicothe, in a suit pending against the Walker Oil & Refining Company, sued out a writ of garnishment against the Revere Oil Company, alleged to be a trust estate, of which A. H. Sheppard and J. C. Verser were trustees. Judgment was rendered against the Walker Oil & Refining Company, and, the garnishee not having answered, judgment was thereafter at the same term rendered against the garnishee, the Revere Oil Company, by default. The appeal presents questions as to the sufficiency of the application for garnishment, the writ, and return thereof to support the judgment.

[1] The first proposition is that the application is insufficient because it does not state the residence of the garnishee. The allegation of the application is that—

"The plaintiff has reason to believe and does believe that the Revere Oil Company, a trust estate, and whose trustees are A. H. Sheppard and J. C. Verser, who reside in Tarrant county, Tex., is indebted to the defendant," etc.

It is said that the appellant is an association such as is mentioned in article 6149, and might have a residence in the same way as a corporation, and that it was necessary for the application to allege the residence of the association. The purpose of the requirement that the residence of the garnishee be stated was originally twofold, to indicate to the clerk to what county writ should be issued, and prior to the amendment of article 282, Revised Statutes, and repeal of articles 283–292 by the Legislature of 1921 (Laws 1921, c. 105 [Vernon's Ann. Civ. St. Supp. 1922, arts. 282–292]), to determine whether a judgment by default against the garnishee might be taken and, if not, in what county further proceedings in the garnishment suit were to be had. Under the allegations of the application for garnishment the trustees were the persons on whom service should be had, even if the trust estate was an association such as is referred to in article 6149, Revised Statutes, and under the circumstances the allegation of the place of residence of the trustee is a sufficient compliance with the law. Lash v. Morris County Bank (Tex. Civ. App.) 54 S. W. 806; Harris & Co. v. Cozart Grain Co. (Tex. Civ. App.) 178 S. W. 733.

[2] Another proposition is that the writ is defective and does not require the Revere

Oil Company to answer because it summoned the "Revere Oil Company, a trust estate, and its trustees, A. H. Sheppard and J. C. Verser," to appear and answer what they were indebted to the Walker Oil & Refining Company, whereas the allegation of the application for garnishment was against the Revere Oil Company alone. If it be true that the garnishment writ is broader than the application we do not see how the Revere Oil Company was injured thereby, and why it should be permitted to complain of this fact.

[3] Complaint is also made because the writ of garnishment summoned the Revere Oil Company and said trustees to answer—

"What, if anything, they were indebted to the said Walker Oil & Refining Company, and was when this writ was served upon them, and what effects, if any, of the said Revere Oil Company, a trust estate, and its trustees, A. H. Sheppard and J. C. Verser, have had in their possession and had when this writ was served, and what other persons, if any, within their knowledge, are indebted to the said Walker Oil & Refining Company or have effects belonging to Walker Oil & Refining Company in their possession."

The writ is clearly a summons to answer as to any indebtedness to the Walker Oil & Refining Company. That part of the writ which required answer as to "effects" in the hands of the garnishee, was made ineffective by the apparent clerical error which will be noted by a reading of the foregoing return. The answer called for was less comprehensive than it might, under the law, have been, but it does not in our opinion, avoid the writ as a whole. Wasson v. Harris (Tex. Civ. App.) 209 S. W. 759.

[4] The officer's return on the writ is as follows:

"Came to hand on the 17th day of August, 1922, and executed the 17th day of August, 1922, by delivering to Revere Oil Company, by giving A. H. Sheppard, vice president of said company, at his office in F. & M. Bank Building, Fort Worth, Tarrant county, Texas, and J. C. Verser indiv., and A. H. Sheppard, individually, the within named garnishees, a true copy of this writ of garnishment."

Several propositions, presenting objections to the sufficiency of this return, are urged, which we may dispose of by stating our conclusions generally. Under the allegations of the application for garnishment the trust estate, association, partnership, or whatever it was should be summoned through service on the trustees. The recitation of service on A. H. Sheppard as vice president would not show good service on the Revere Oil Company as an association, but we think it may be disregarded, and the return still show good service, through delivery of a copy of the writ of garnishment to each of the trustees. "Individually" means "separately" and "personally." Century Dictionary. And we think the return is equivalent to a declaration that a copy of the writ was delivered to each of the trustees in person. "Giving" in the connection in which it is used evidently means the same as delivering.

[5, 6] Another proposition presented is that no judgment could be rendered in the garnishment suit because the judgment against the Walker Oil & Refining Company was not at such time final; the time within which an appeal might be taken or writ of error sued out not having elapsed. This proposition is in our opinion without merit. The statute (article 282), provides that judgment may be taken against the garnishee "at any time after judgment shall have been rendered against defendant, and on or after appearance day." Garnishment is a species of attachment and a garnishment judgment a method of foreclosing the lien secured by the writ. Studebaker Harness Co. v. Gerlach Mercantile Co. (Tex. Civ. App.) 192 S. W. 545. There would be no more reason for saying that a judgment could not be taken in a garnishment case immediately following the taking of judgment in the main cause than that foreclosure of an attachment lien might not be had at the same time as rendition of the judgment for the debt on which it was sued out. The garnishment proceedings are ancillary to and a part of the proceedings in the principal suit, and in proceeding in the garnishment suit judicial knowledge is taken of the proceedings in the cause to which it is ancillary. Studebaker Harness Co. v. Gerlach Mercantile Co., supra. So the garnishee might be amply protected against the enforcement of the judgment pending an appeal from the principal judgment, if one should be taken. The case of Houston Oil Co. v. McCarthy (Tex. Com. App.) 245 S. W. 651, relied on by plaintiff in error to sustain its position deals with a different state of facts, and is not in point.

Affirmed.