MITCHELL *v.* GODSEY, ADMINISTRATRIX.

[No. 27,907. Filed February 29, 1944. Rehearing denied March 27, 1944. Petition to recall opinion dismissed May 22, 1944.]

528

*Owen S. Boling,* of Indianapolis, for appellant.

*Joseph M. Howard, O. P. Kensinger,* and *Wesley T. Wilson,* all of Indianapolis, for appellee.

SWAIM, J.—This is an appeal from a judgment rendered against the appellant in a proceeding supplementary to execution. The judgment, on which the proceeding supplementary to execution was based, was rendered in the Marion Superior Court in an action for damages for assault and battery. An execution was issued on said judgment and was returned unsatisfied.

The plaintiff thereupon filed in the same court, under

the same title and cause number, an unverified motion for the defendant to appear and answer concerning his property and income. This motion, filed April 22, 1941, alleged that it appeared from the record in said cause that on March 19, 1940, an execution was issued on the judgment and, on September 17, 1940, it was returned by the sheriff of Marion County unsatisfied; and that the action was for damages for assault and battery. The order for the defendant to appear and answer recited that "the Court having examined said motion and the record of this case and being fully advised, finds that on March 19, 1940, an execution was issued on plaintiff's judgment herein and thereafter, on September 17, 1940, said execution was returned by the sheriff of Marion County unsatisfied; that the action is for damages for assault and battery; that plaintiff's said motion should be in all things sustained" and ordered the defendant to appear before said court, on April 26, 1941, then and there to answer concerning his property and income subject to execution on plaintiff's judgment, and ordered the sheriff of Marion County to make due service and return of said judgment. Before said hearing was held the cause, on the defendant's motion, was taken on a change of venue to the Morgan Circuit Court, where on January 22, 1942, a hearing was held and the defendant was examined.

In said hearing the defendant testified that he resided at 5703 East Washington Street, in Indianapolis, Indiana; that he owned no real estate or personal property of any kind; that he had sold and conveyed his interest in certain real estate to his wife early in June, 1939, and in April of the same year had sold and transferred to her all of his title and interest in the furniture in their home.

He further testified that for nineteen years he had been employed as a salesman for the American Optical Company of Southbridge, Massachusetts, and for his work he received a salary of $2,860.00 per year which was paid to him in monthly installments; that in addition to said salary he sometimes received a bonus from said company; that his territory covered part of Indiana and part of Illinois; that he worked directly out of the home office of the company, was paid by check each month and received the check at any point he might direct; and that he made federal income and gross income tax returns on the basis of said salary.

At the conclusion of said hearing the court ordered that the defendant pay to the sheriff of Marion County, on the 5th day of each month, beginning with February 5, 1942, ten per cent of so much of said salary as shall have been received since the 5th day of the preceding month, "to be applied toward the satisfaction of plaintiff's judgment herein; that said judgment shall be a continuing lien upon ten per centum of said salary; and that said defendant be and he is hereby enjoined and prohibited from assigning said ten per centum of said salary, removing the same from the State of Indiana, or causing the same to be delivered to him or any other person outside the State of Indiana, in evasion of this order." The defendant's motion for a new trial alleged, among other grounds therefor, that the decision of the court was not sustained by sufficient evidence and was contrary to law. The defendant also filed his motion to modify said order and judgment by striking out certain parts thereof.

On this appeal the appellant has assigned as error the action of the trial court in overruling both of these motions and also that the trial court did not have jurisdiction of the subject-matter.

The appellant contends that the trial court did not have jurisdiction of the subject-matter because ch. 84, Acts of 1937, p. 440, on which the proceeding was based, is unconstitutional. This contention is predicated on two grounds: (1), That since § 5 of said act was held unconstitutional in *Draper* v. *Zebec* (1941), 219 Ind. 362, 37 N. E. (2d) 952, 38 N. E. (2d) 995, and as the remaining sections of said act are inseparable from the unconstitutional section, they must likewise fail; and (2), that sections 1, 2 and 3 of said act are unconstitutional because each of said sections provides for the compulsory examination of the judgment debtor without providing immunity from criminal prosecution on the matters disclosed in such examination.

Said act was entitled "An Act to amend sections 592, 593, 596 and 598 of an act entitled 'An act concerning proceedings in civil cases,' approved April 7, 1881." The named sections of said 1881 Act had to do with proceedings supplemental to execution. The first three of said sections provided for the examination of the judgment debtor after the issuance of an execution. The issuance of an execution was made a condition precedent to the order for the judgment debtor to appear and answer. Section 5 of the 1937 Act provided that "Except in such cases where the denial of this remedy would be in violation of the Constitution of the State of Indiana or the United States of America, no execution shall issue under this act upon any judgment upon a debt secured by mortgage upon real property, nor upon any judgment upon any contract of the sale of personal property unless the title of the said property passes at the time of said sale." In *Draper* v. *Zebec, supra,* this court held that said section 5 was invalid on the ground that it did

"not deal with proceedings supplemental to execution (the subject of the four sections named in the title), but seeks to expressly change the law providing for the issue of execution, and to curtail and limit the cases in which executions shall issue. It, in effect, exempts all property from execution upon money judgments upon debts secured by mortgage or contract of sale of personal property except the property mortgaged or sold." In that case we also said "The subject-matter of section 5 is so incongruous with, and so slightly related to, the subject-matter of section 598 as originally enacted, or as amended, that we are forced to the conclusion . . . that section 5 was intended not as an amendment to the procedure in proceedings supplemental to execution, but as an independent provision preventing execution from issuing in any case upon judgments upon a debt secured by mortgage or upon a contract for the sale of personal property." It follows, of course, that holding invalid such an independent and unrelated provision of a statute could not be held to invalidate the other provisions of the statute on the theory that the invalid section and the other sections were inseparable.

As authority for his second proposition as to the invalidity of said act the appellant cites 33 C. J. S., § 346, p. 650, which states that "an act which makes no provision that no answer which the debtor may be required to make shall be used against him in any criminal prosecution is in violation of a constitutional provision that no person shall be compelled to give testimony which may incriminate him." The only case cited by C. J. S. as an authority for this statement is *Horstman* v. *Kaufman* (1881), 97 Pa. St. 147, 39 Am. R. 802. The Pennsylvania act, there being considered, provided for the examination of a judgment debtor by

the judgment creditor and a commissioner and the opinion states that the plaintiff "in the execution is clothed with the sole, unrestrained, and unlimited power to call before himself and his commissioner the defendant with his books and papers, and then and there at his own good pleasure, examine him and them without rule, restraint or supervision, and without limitation as to time or manner." The opinion further points out that "the initial proposition is to compel the debtor to reveal that which is made a misdemeanor by the Crimes Act of 1860. This cannot be done."

The appellant also cites upon this proposition *Overman* v. *State* (1924), 194 Ind. 482, 143 N. E. 604. In that case this court pointed out that the privilege of a witness against incriminating himself being granted by the Constitution cannot be abridged by any act of the Legislature but the decision in that case pointed out that a witness is not required to give testimony which tends to incriminate him even though a statute purports to require the giving of such testimony; that a witness either in a civil or in a criminal case may, with impunity, refuse to give testimony which would incriminate him.

In *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452, it was said "being subpoenaed and appearing before the grand jury and being sworn, was not a violation of appellee's constitutional rights, and while before the grand jury he would be compelled to testify to any matter which did not criminate him. Under the provision of the Constitution of this State above quoted, he could not, however, be compelled to testify before the grand jury to any matter that would criminate him."

Since a judgment defendant, in a hearing on a proceeding supplementary to execution, cannot be com-

pelled to answer any question which would tend to criminate him we can see no valid reason for the contention that under our law a statute authorizing such proceedings must expressly provide that no answer given by such a defendant shall be used against him in any criminal prosecution.

The appellant also contends that, even if the 1937 Act were valid, there was not such a substantial compliance with the law as to give the trial court jurisdiction of the subject-matter. The appellant argues that the motion or complaint filed by the appellee's decedent was not sufficient to give the court jurisdiction. Both parties agree that the appellee's decedent was attempting to proceed under § 1 of the act. This section provides that when an execution against the property of the judgment debtor is issued to an officer authorized to serve the same at the place where the judgment debtor resides, or, if he does not reside in the State, to the officer of the court rendering such judgment who is authorized to serve such execution, is returned unsatisfied, the judgment creditor, after such return is made, shall be entitled to an order, to be issued by any circuit, superior, municipal or city court or by any justice of the peace in the jurisdiction in which such execution issued, or by the clerk thereof in vacation, requiring the judgment debtor to appear before the court to answer concerning his property or income or profits within the county to which the execution was issued. It is to be noted that the statute does not specify how the facts, which entitle the judgment creditor to such an order, shall be brought to the attention of the court. Section 2 of the act provides a method for the application of the specific property to the satisfaction of the judgment after the issue of an execution and to accomplish this provides that the judg-

ment creditor shall file an affidavit describing the prop-
erty or income or profits of the judgment debtor which
he is unjustly refusing to apply towards the satisfac-
tion of the judgment. Section 3 of the act provides a
method for reaching property of the judgment debtor
in the hands of third persons, or an indebtedness of
third persons to the judgment debtor; and also pro-
vides that the judgment creditor, to avail himself of
this method for the satisfaction of his judgment, must
file an affidavit setting out such facts. It is to be noted
that § 1 of said act, however, does not expressly require
any affidavit or verified complaint to entitle the judg-
ment creditor to the relief afforded by said section.

Watson's Revision of Works Practice and Forms,
Vol. II, § 2341, p. 940, states that while a creditor may
be required to file a statement in the manner of a com-
plaint, as a basis on which to order the defendant to
appear and answer, that "a motion showing that judg-
ment has been recovered by the plaintiff, and that
execution has been issued thereon to the proper county
and returned unsatisfied, in whole or in part, is all
that is necessary." See, also, *D. L. Adams Co.,
et al.* v. *The Federal Glass Co.* (1913), 180 Ind. 576,
103 N. E. 414.

The appellant insists that the appellee's decedent
should have filed a complaint alleging all the facts
required by the statute and showing that some
necessity existed for the application. Section 1
of the statute, however, expressly provides that
the judgment creditor shall be entitled to an order for
the judgment debtor to appear and answer upon the
return of the execution unsatisfied. As said in
*D. L. Adams Co., et al.* v. *The Federal Glass Co., supra,*
however, "the proceeding is summary, the allegation is
in the language of the statute, and is a return of *nulla*

*bona,* and sufficient." See, also, *Sherman et al.* v. *Carvill* (1880), 73 Ind. 126.

In the instant case the proceeding supplementary to execution was filed in the same court where the original judgment was rendered. It was filed under the same cause number and title as the original suit. With all of the records of the original suit before the court the motion filed by appellee's decedent was sufficient to invoke the jurisdiction of the court under § 1 of said act.

Under the assignment that the decision of the court was not sustained by sufficient evidence, the appellant insists that there was no evidence tending to show the nature or the amount of the judgment or to show that an execution had issued to the sheriff of Marion County, where the defendant resided, or that the execution, if issued, had been returned or that it was unsatisfied, in whole or in part, or to show that the judgment could not be enforced by an ordinary execution. The appellant himself testified that he was a resident of Indianapolis, which the court judicially knows is in Marion County. He also testified that he had no property real or personal which could be reached by an ordinary execution. The trial court could take judicial notice of the fact that the execution was issued to the sheriff of Marion County; that it was returned unsatisfied and could also take judicial notice of the nature and amount of the judgment.

This court has said that a proceeding supplementary to execution is an independent action related to, but not part of, the original case in which the judgment sought to be collected by the judgment creditor was rendered. *Pounds et al.* v. *Chatham* (1884), 96 Ind. 342. This statement was made, however, in determining that the judgment, entered in the proceed-

ing, was a final judgment within the meaning of our appeal statute. It has also been said by our Appellate Court that such a proceeding is an independent action in that the rights of the parties, as fixed in the original judgment, cannot be affected or changed in the supplementary proceeding for the reason that the only issue presented by the supplementary proceeding is that of affording the judgment creditor that relief which he is entitled to under the terms of his judgment. *Hobbs* v. *Town of Eaton* (1906), 38 Ind. App. 628, 78 N. E. 333.

In a broader sense, however, "a proceeding supplementary to execution is generally regarded as a proceeding in the original action and as much a means of enforcing the judgment as the ordinary writ of execution." 21 Am. Jur., § 658, p. 314. Certainly, where a proceeding supplementary to execution is filed in the same court, under the same title and cause number as the original action, such proceedings may be regarded as sufficiently a part of, or a continuation of, the original action as to entitle the court to take judicial knowledge of the records in the original action.

In *Revere Oil Co. et al.* v. *Bank of Chillicothe* (1923), (Tex. Civ. App.) 255 S. W. 219, the court said of a garnishment proceeding, "the garnishment proceedings are ancillary to and a part of the proceedings in the principal suit, and in proceeding in the garnishment suit judicial knowledge is taken of the proceedings in the cause of which it is ancillary."

In *Danridge* v. *Northern Trust Co.* (1920), 218 Ill. App. 138, in determining a question of judicial knowledge as to records in the original action in a garnishment proceeding, the court said:

"Where it appears, as it does here, that the garnishment proceedings are part and parcel of the

same cause as that in which the original judgment was obtained—the original and garnishment proceedings bear the same general number—and the trial court takes, as it should, judicial notice of all that has transpired in the cause, we are of the opinion that it then becomes unnecessary to have the judgment and execution and return offered in evidence, and thereafter, on appeal or writ of error, made a part of the bill of exceptions. We are of the opinion that it is sufficient if they appear in the common-law record as they do here."

In *State ex rel. McDowell* v. *Superior Court for King County, et al.* (1929), 152 Wash. 323, 277 P. 850, the court held that while supplementary proceedings are special proceedings they are proceedings in the original action so that the court may judicially notice the record therein; that they are simply a step in aid of the satisfaction of the judgment of the court.

In the instant case the entry ordering the appellant to appear and answer concerning his property and income recited that "the court having examined said motion and the record of this case and being fully advised, now finds that on March 19, 1940, an execution was issued on plaintiff's judgment herein and thereafter on September 17, 1940, said execution was returned by the Sheriff of Marion County unsatisfied, and that this action is for damages for assault and battery, and that plaintiff's said motion should be in all things sustained." An examination of the record in the case would have disclosed to the court all of these facts and they were all facts of which the court could take judicial knowledge from the records.

The appellant's praecipe for a transcript limited the record brought before us to the record of the cause

"commencing with and including plaintiff's motion." We must assume that the record of said cause prior to said motion fully supported the finding and action of the court.

Appellant also insists that, even though a proceeding under § 1 of the act may not require a complaint, the provisions of § 4 may not be enforced without a complaint which would be sufficient under §§ 2 or 3. Section 4 of the act provides that "upon the hearing, the judge of the court may order any property, income or profits, of the judgment debtor, not exempt from execution, in the hands either of himself or of any other person, or any debt, due the judgment debtor, to be applied to the satisfaction of the judgment, and forbid transfers of property and choses in action; and the judge may order that the judgment or execution shall be a continuing lien upon the income or profits of the judgment debtor in the hands either of himself or any other person . . . provided that such lien shall not exceed ten per centum of such income or profits. . . ." The appellant apparently contends that the "hearing" mentioned in § 4 is only a hearing in a proceeding based on § 2 or § 3; that in a proceeding under § 1 the judgment creditor may procure knowledge as to the defendant's property and income but that the court can make no order relative to such property and income until a proceeding is brought and a hearing had under § 2 or § 3. We can see no valid reason for such an interpretation of this section of the statute. The statutes provides for a hearing in the proceedings authorized by each of the first three sections. Section 4 states that upon "the hearing" the court may make an order for the application of the defendant's property or income toward the satisfaction of the judgment. No valid reason is suggested for

limiting the application of § 4 to two out of the three preceding sections. As authority for his contention the appellant has cited *Brisco* v. *Askey* (1859), 12 Ind. 666, and *Carpenter* v. *Vanscoten* (1863), 20 Ind. 50.

In the former case a proceeding supplementary to execution was apparently instituted under § 518 of 2 R. S., p. 152, which was similar to § 1 of the 1937 Act. The hearing disclosed that the judgment defendant owned certain accounts standing upon his books against various individuals; that offsets existed against some of the accounts but in what amount he did not know. The trial court ordered the defendant to deliver said accounts to the sheriff to be sold on execution; and that defendant be enjoined from collecting the same. The judgment was reversed. The court pointed out that the parties owing the accounts were not made parties to the proceeding although, by complying with § 522 of the statute then in force, they could have been made parties and required to appear and answer as to the accounts. The court was of the opinion that the accounts should not have been ordered sold on execution but that the account debtors should have been made parties under said § 522 and have been ordered to pay the accounts at maturity on the judgment of the plaintiff. The court cited as authority for its decision *Pursell* v. *Papenheimer* (1858), 11 Ind. 327, which was a proceeding brought under § 522 of said statute.

The opinion included a statement to the effect that "To extend this extraordinary remedy so as to include certain other means, the provisions of § 522 should be complied with." The appellant insists that by this statement the court intended to say that the trial court could enter no order on the defendant at the conclusion of a hearing in a proceeding under § 518. The state-

ment in question is not clear, but we believe that the court being of the opinion that the accounts could not be sold on execution and having in mind that to insure their application to the judgment an order against the persons owing the accounts was necessary, intended by such statement to say that before an order could be made binding on such third persons it would be necessary to make them parties to the proceeding pursuant to the provisions of said § 522.

In *Carpenter* v. *Vanscoten, supra,* there was a verified complaint, showing the return of a judgment unsatisfied; that the judgment debtor had an equitable interest in certain real estate, "by virtue of a contract of purchase" which he refused to apply to the satisfaction of said judgment; that the fee in the real estate was owned by one Oliver Smith and asked that the interest of the judgment defendant be sold to satisfy the execution. The court stated that the proceeding was brought under § 518 of 2 R. S., p. 152. The complaint, however, would have been sufficient under § 522 of said act and both the judgment defendant and the third person were ordered to appear and answer said complaint. In explaining that the proceeding under § 518 is summary and does not contemplate the formation of issues the court said that the section simply entitled the judgment creditor, having failed to collect an execution, to a mere discovery, as to the existence and value of the debtor's property. The action of the court, however, did not sustain the appellant's contention that no order could be entered in a proceeding under said section, for the judgment in the trial court for the plaintiff on a complaint asking that the interest of the defendant in said real estate be sold to satisfy the execution, was affirmed.

We consider neither of these cases authority for the appellant's contention in the instant case.

On the assigned error that the court erred in overruling the appellant's motion to modify the judgment, the appellant, in his argument, has apparently ignored the fact that the order of the trial court in this case only purported to affect the appellant. Section 4 of the statute expressly provides that the court may order that the judgment or execution shall be a continuing lien upon the income and profits of the judgment debtor in the hands either of himself or any other person. The appellant insists that no lien could be declared until notice thereof was served and no such service is shown by the record. The record shows that the appellant was in court as a party to this action when the order was made. Since the order affects only the appellant and the salary he "shall have" received, no notice was necessary.

The order of the court was that the appellant should pay, on the 5th day of each month, ten per cent of so much of his said salary as *shall have been* received since the 5th day of the preceding month. The fact that some of said salary may have been the result of work performed by the appellant in Illinois could have no effect on the validity of this order. The court had jurisdiction of the appellant and the jurisdiction to order him as to the disposition of the funds in his hands, no matter what the source of the funds might be. The order that he should not attempt to evade the order by assigning said salary, removing the same from the State of Indiana, or causing the same to be delivered to him or to another outside of the State of Indiana, was also proper and within the power of the court under § 4 of said statute.

The appellant also objects to so much of the court's order as required the payments to be made to the Sheriff of Marion County, contending that there was no showing that the sheriff held any execution or process in his hands and that for that reason the appellant could have no protection against loss or double payment. The order of the court, however, ordering the appellant to make the payments to the sheriff, to be applied toward the satisfaction of the judgment also amounted to an order to the sheriff to receive the payments and to apply the same toward the satisfaction of the judgment. The execution of such order became the official duty of the sheriff and as such would be covered by his official bond.

Finding no reversible error the judgment of the trial court is affirmed.

NOTE.—Reported in 53 N. E. (2d) 150.