

I N  T H E

# Court of Appeals of Indiana

Converging Capital, LLC,

*Appellant-Plaintiff*

v.

Kevin B. Steglich,

*Appellee-Defendant*



FILED

May 01 2024, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

May 1, 2024

Court of Appeals Case No.
23A-CC-2854

Appeal from the LaGrange Circuit Court

The Honorable William R. Walz, IV, Judge

Trial Court Cause No.
44C01-0610-CC-055

**Opinion by Judge Mathias**
Judges Tavitas and Weissmann concur.

**Mathias, Judge.**

[1] Converging Capital, LLC appeals the trial court's order dismissing proceedings supplemental that Converging Capital had initiated against its judgment debtor, Kevin B. Steglich. Converging Capital raises a single issue for our review, namely, whether the trial court erred when it dismissed the proceedings supplemental on the ground that the proceedings were untimely.

[2] Our case law is clear that there is no limitations period for the initiation of proceedings supplemental. We therefore reverse and remand for further proceedings.

## Facts and Procedural History

[3] In October 2006, Resurgence Financial, LLC filed a complaint against Steglich. After Steglich had been served but failed to answer, in November, Resurgence sought and obtained a default judgment against him in the principal amount of $6,366.06. On several occasions in 2007, Resurgence initiated proceedings supplemental on that judgment, apparently to no avail.

[4] Around June 2013, Resurgence assigned its judgment to Converging Capital. Converging Capital filed a notice of the assignment in the trial court under the original cause number. And, on July 14, 2022, Converging Capital initiated proceedings supplemental to collect on its judgment against Steglich. In September, Steglich appeared and moved to dismiss the proceedings supplemental as untimely. The trial court granted Steglich's motion and denied Converging Capital's ensuing motion to correct error.

[5] This appeal ensued.

## Discussion and Decision

[6] Converging Capital appeals the trial court's dismissal of the proceedings supplemental. The trial court's judgment turns on whether Indiana law imposes a limitations period on the initiation of proceedings supplemental, which is a question we will review de novo. *See, e.g.*, *Minges v. State*, 192 N.E.3d 893, 896 (Ind. 2022).

[7] According to Steglich, Converging Capital's initiation of the proceedings supplemental was "well past the ten-year statute of limitations" of Indiana Code section 34-11-2-11 (2022). Appellant's App. Vol. 2, p. 8; *see also* Appellee's Br. at 6. Steglich further accuses Converging Capital of "fail[ing] to renew the judgment" until after the supposed ten-year period had passed, contrary to Indiana Code section 34-55-1-2(a) (2022). Appellant's App. Vol. 2, p. 8; *see also* Appellee's Br. at 6.

[8] At the time of the trial court's judgment now on appeal, Indiana Code section 34-11-2-11 (2022) stated:

> *An action upon* contracts in writing other than those for the payment of money, and including all mortgages other than chattel mortgages, deeds of trust, *judgments of courts of record*, and for the recovery of the possession of real estate, must be commenced within ten (10) years after the cause of action accrues.

(Emphases added.) And Indiana Code section 34-55-1-2(a) (2022) stated:

> After the lapse of ten (10) years after:
>
>> (1) the entry of judgment; or
>>
>> (2) issuing of an execution;
>
> *an execution* can be issued only on leave of court . . . .

(Emphasis added.)

[9] We have previously explained that those statutes do not apply to proceedings supplemental. *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 818, 820-21 (Ind. Ct. App. 2005). Indeed, in *Lewis*, the judgment creditor initiated proceedings supplemental twenty years after judgment had been entered. The judgment debtor moved to dismiss the proceedings supplemental as untimely, which motion the trial court denied.

[10] On appeal, we affirmed because Indiana law does not impose any limitations period on the initiation of proceedings supplemental. *Id.* at 816-21. As we explained: "Because proceedings supplemental are a *continuation* of the original action, rather than an 'action' on a judgment of a court of record, they are not subject to the ten-year statute of limitations within Indiana Code Section 34-11-2-11." *Id.* at 821 (footnote omitted).[1] We further stated:

---

[1] In his brief, Steglich quotes our Supreme Court for the proposition that "a proceeding supplementary to execution is an independent action related to, but not part of, the original case in which the judgment sought

there seems to be some confusion regarding execution and the equitable remedy of proceedings supplemental. Proceedings supplemental to execution are enforced by verified motion alleging that "the plaintiff owns the described judgment against the defendant" and that the "plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment[.]" Ind. Trial Rule 69(E); *see also* Ind. Code §§ 34-55-8-1 through -9. The only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which she is entitled under the terms of the judgment. *Nat'l Mut. Ins. Co. v. Sparks*, 647 N.E.2d 375, 376-77 (Ind. Ct. App. 1995), *trans. denied*.

*Id.* at 817 (footnote omitted). Because proceedings supplemental are neither an "action" nor an "execution," the judgment creditor "need not have obtained

_____

to be collected by the judgment creditor was rendered." Appellee's Br. at 7 (quoting *Mitchell v. Godsey*, 222 Ind. 527, 538, 53 N.E.2d 150, 154 (1944)). But Steglich's selectively quoted language misrepresents what our Supreme Court said. The full quote is as follows:

> This court has said that a proceeding supplementary to execution is an independent action related to, but not part of, the original case in which the judgment sought to be collected by the judgment creditor was rendered. *Pounds et al v. Chatham*, 1884, 96 Ind. 342. This statement was made, however, in determining that the judgment, entered in the proceeding, was a final judgment within the meaning of our appeal statute. It has also been said by our Appellate Court that such a proceeding is an independent action in that the rights of the parties, as fixed in the original judgment, can not be affected or changed in the supplementary proceeding for the reason that the only issue presented by the supplementary proceeding is that of affording the judgment creditor that relief which he is entitled to under the terms of his judgment. *Hobbs v. Town of Eaton*, 1906, 38 Ind. App. 628, 78 N.E. 333.
>
> In a broader sense, however, 'a proceeding supplementary to execution is generally regarded as a proceeding in the original action and as much a means of enforcing the judgment as the ordinary writ of execution.' 21 Am. Jur. § 658, p. 314. Certainly, where a proceeding supplementary to execution is filed in the same court, under the same title and cause number as the original action, such proceedings may be regarded as sufficiently a part of, or a continuation of, the original action as to entitle the court to take judicial knowledge of the records in the original action.

*Mitchell*, 53 N.E.2d at 154. We think the full quote above makes clear that *Lewis* is entirely consistent with *Mitchell*.

leave via Indiana Code Section 34-55-1-2 for an action beyond ten years" in order to initiate proceedings supplemental. *Id.* at 821.

[11] The concurring opinion in *Lewis* made the timeframes that are usually relevant to proceedings supplemental even more clear:

> Throughout the ten-year period following judgment, a judgment lien attaches to the debtor's real estate located in the county where the judgment was entered or is later filed. Ind. Code § 34-55-9-2 (1999); *Arend v. Etsler*, 737 N.E.2d 1173, 1175 (Ind. Ct. App. 2000) (the property subject to a judgment lien is linked to the real proper[t]y in the county where the judgment has been entered and indexed by the trial court); *Muniz v. U.S.*, 129 Ind. App. 433, 441, 155 N.E.2d 140, 143 (1958) (in order to create a lien upon real estate, it is only necessary to enter and index the judgment in the county where the real estate is located). The purpose of the judgment lien is to protect subsequent purchasers of the encumbered property. *Borgman v. Aikens*, 681 N.E.2d 213, 218 (Ind. Ct. App. 1997), *trans. denied*.
>
> During the eleventh through twentieth years after judgment, no lien exists as to the debtor's real estate. Ind. Code § 34-55-9-2(2); *Borgman*, 681 N.E.2d at 219. However, with the permission of the court, execution against real estate may still issue, albeit without the benefit of a judgment lien. Ind. Code § 34-55-1-2; *Williams v. Lyddick*, 116 Ind. App. 206, 212, 62 N.E.2d 88, 89 (1945). *Proceedings supplemental are also available to a judgment creditor during the second decade*. Ind. Code § 34-55-8-1.
>
> Because of the confusing complexity of execution and proceedings supplemental, and the added uncertainty caused by the two attendant decade-long time periods, *most sophisticated judgment creditors "renew" their judgments shortly before the expiration of the first (and each successive) decade after judgment*. See *Hinds v.*

*McNair*, 153 Ind. App. 473, 477, 287 N.E.2d 767, 769 (1972); *see also Willette v. Gifford*, 46 Ind. App. 185, 189, 92 N.E. 186, 187 (1910) (the subsequent renewal of that judgment kept it alive). *Such renewal actions may take place ad infinitum. Town of New Chicago v. First State Bank of Hobart*, 90 Ind. App. 643, 644, 169 N.E. 56, 57 (Ind. Ct. App. 1929).[2]

*Id.* at 822-23 (Mathias, J., concurring) (emphases added; footnote omitted).

[12] Accordingly, the trial court's dismissal of Converging Capital's proceedings supplemental as untimely is contrary to law. We reverse the trial court's judgment and remand for further proceedings.

[13] Reversed and remanded.

Tavitas, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Francis J. Cardis
Hosto & Buchan, PLLC
Little Rock, Arkansas

ATTORNEYS FOR APPELLEE

R. Larry Helmer
Bryan W. Lewis

---

[2] To renew a judgment, before the end of the first ten-year limitation period the judgment creditor files a new case alleging that it owns the judgment at issue. The complaint includes a certified copy of the judgment as an exhibit (or equivalent reference to the case in the Odyssey case management system). Thereupon, the judgment creditor obtains new service of process on, and judgment against, the debtor. Each such judgment serves as a new lien on property of the debtor.

Ernsberger & Helmer, P.C.
LaGrange, Indiana